**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DIGITAL ALLY, INC. )<br>)<br>Plaintiff and Counterdefendant, )<br>)<br>v. )<br>)<br>Z³ TECHNOLOGY, LLC, )<br>)<br>Defendant and Counterplaintiff. ) | Case No. 2:09-cv-2292 |

**Z³ TECHNOLOGY, LLC'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

**INTRODUCTION**

According to paragraph 27 of Digital's response, its complaint obeys what Digital calls the "lawyer rule of 3's," by which Digital apparently means saying the same thing three times with three different sets of legal jargon.

The legal jargon is irrelevant to this motion. On a motion under Rule 12(b)(6), the Court needs to look beyond the jargon, labels and conclusions in the complaint and examine the *facts* the plaintiff alleges. When those factual allegations, even assuming their truth, do not entitle the plaintiff to the requested relief, the Court should dismiss the plaintiff's claim.

Setting aside the legal jargon, labels and conclusions, Digital alleges the following material facts in its complaint:

- On or about November 1, 2008, through its Executive Vice President for Engineering and Production, Robert Haler, Digital, entered a production license agreement with Z³. The complaint labels this contract "PLA-2008." (Complt. ¶ 10)

- Shortly after the execution of PLA-2008, Digital adopted and instituted a new "Signature Authorities Policy," which became effective on December 15, 2008. (Complt. ¶¶ 16 and 18)

- Eighteen days later, on or about January 2, 2009, Robert Haler executed another contract with $Z^3$, which the complaint labels "PLA-2009." (Complt. ¶ 20)

- No other officer or director of Digital identified in the Signature Authorities Policy countersigned PLA-2009. (Complt. ¶ 22)

Based on these factual allegations, Digital claims in Count II that the Court should rescind PLA-2009, and it claims in Count III that the Court should enter a declaratory judgment declaring that PLA-2009 is void or annulled, or alternatively, terminated according to its terms. The facts alleged in the complaint fail to support plausible claims for this relief. The complaint does not allege that an authorized Digital representative, after Digital had entered PLA-2008 with $Z^3$ and after it had instituted its new Signature Policy, affirmatively told $Z^3$ about the Signature Policy and how it would apply to PLA-2009.

Although Digital's complaint mentions the legal doctrines of *ultra vires*, failure of consideration and mutual mistake, Digital's response memorandum now makes clear that Digital does not really rely on these doctrines at all for its requested relief in Counts II and III. All the legal jargon aside, Digital is really asserting simply that $Z^3$ and Digital never entered a contract labeled PLA-2009 in the first place, because Mr. Haler, its Executive Vice President for Engineering and Production, had no authority to sign PLA-2009 by himself under the new Signature Policy. This is a lack-of-authority argument, pure and simple. It has nothing to do with *ultra vires*, mutual mistake or failure of consideration.

A few points follow from this observation. First, Digital has no rescission claim as a matter of law. Under Digital's own theory, there was never any contract PLA-2009 in the first place: according to Digital, Mr. Haler's signature was ineffective to bind the company to any contract. Therefore, under Digital's theory there is nothing for the Court to rescind. The Court should accordingly dismiss Count I. Second, while Digital could conceptually sue for a declaration that

PLA-2009 was void *ab initio*, as it has attempted to do in Count III, the legal sufficiency of that Count does not rest on the doctrines of *ultra vires*, mutual mistake or failure of consideration. Rather, it rests on whether Digital has pleaded facts plausibly establishing that Mr. Haler lacked authority to sign PLA-2009 by himself. As we demonstrate below, Digital's pleading fails in that regard. The Court should dismiss Count III as well. Third, to the extent that Digital asserts an alternative claim within Count III that PLA-2009 was "terminated according to its terms," Digital alleges no facts to support that alternative claim.

## ARGUMENT

**I.     The Factual Allegations of Counts II and III Do Not State a Plausible Claim for Relief**

### A.     Labels and Conclusions Are Not Entitled to Any Inference of Truth on a Motion to Dismiss

In two recent decisions, the Supreme Court described the pleading standard under Federal Rule of Civil Procedure 8(a)(2). While the rule does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly* at 570). A claim is plausible on its face if the factual content alleged in the complaint permits a reasonable inference that the defendant is liable. Importantly, "the tenet that

3

the Court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 129 S.Ct. at 1949. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

In applying the pleading standard announced in *Twombly* and *Iqbal*, the Court should look to the elements of the claim the plaintiff attempts to assert. *Iqbal*, 129 S.Ct. at 1947-48. Then, the Court should analyze whether the factual allegations of the complaint (as opposed to the labels and conclusions in the complaint), when assumed to be true, state a plausible claim for relief. *Id.* at 1949-53. Under *Twombly* and *Iqbal*, Digital fails to plead plausible claims in Counts II and III.

  **B. Digital Has Not Pleaded the Elements of a Claim for Rescission or a Declaratory Judgment to Nullify PLA-2009**

In Count II, Digital seeks to rescind PLA-2009. The elements of a claim to rescind depend on the basis for rescission, and Digital, as the plaintiff, has the obligation of pleading facts supporting each element of each claim. *See Nebraska Nutrients, Inc. v. Shepard*, 626 N.W.2d 472, 495 (Neb. 2001) (plaintiff has the burden of pleading and proving all elements of fraud in a claim to rescind a contract for fraud). In Count III, Digital seeks a declaration that PLA-2009 is void. As the plaintiff, Digital has the obligation of pleading facts that create an actual case or controversy between the parties. *See Stupakoff v. Otto Dusan Mail Order Ltd. (In re Spiegel, Inc.)*, 354 B.R. 51, 56-58 (Bankr. S.D.N.Y 2006) (granting defendants' motion to dismiss a declaratory judgment claim under Rule 12(b)(6) because the factual allegations in the complaint would not entitle the plaintiff to relief).

The complaint asserts several legal labels as theories for avoiding PLA-2009: *ultra vires*, failure of consideration, mutual mistake, and lack of authority. Digital's response brief in opposition to this motion adds to these (or recasts them as) the lack of a meeting of the minds and

4

unilateral mistake. Each of these theories, for the correct plaintiff under a proper set of facts, theoretically could support a claim for avoidance. Under *Twombly* and *Iqbal*, however, the relevant inquiry is whether the facts actually pleaded by Digital in this case, rather than the abstract legal theories and conclusions, support a plausible claim. As explained below, they do not.

> **1. Digital Has No Plausible Claim to Invalidate PLA-2009 on *Ultra Vires* Grounds**

As Digital acknowledges in its response to this motion (see paragraph 33), there is an important difference between *ultra vires* acts and acts that merely lack authority. "If . . . the [corporation's] act was within the corporate powers, but was performed without authority or in an unauthorized manner, the act is not *ultra vires*." *Schoen v. SAC Holding Corp.*, 137 P.3d 1171, 1186 (Nev. 2006). Therefore, an essential element of Digital's claim on *ultra vires* grounds is that signing the contract was not within Digital's corporate powers. Digital's complaint asserts that PLA-2009 is not an authorized contract of the company because it does not contain two authorized signatures, but there are no allegations anywhere in the complaint that entering such a contract falls outside of Digital's corporate powers. Digital makes no argument to the contrary in its response, and the striking parallel between PLA-2008 and PLA-2009 establishes unequivocally that Digital indeed had the corporate power to enter this sort of contract.

The facts alleged permit no plausible claim to avoid PLA-2009 on *ultra vires* grounds. Accordingly, the Court should dismiss Counts II and III to the extent they rely on the legal doctrine of *ultra vires*.

> **2. Digital Has No Plausible Claim to Invalidate PLA-2009 on Failure of Consideration Grounds**

Perhaps adhering to its "Rule of 3's" again, Digital asserted in its complaint that PLA-2009 is invalid because of a failure of consideration. Digital now acknowledges that this allegation was perhaps inaccurate (Response ¶ 50) and says the allegation "may have been in artful

5

[sic] at best and unfounded at worst." (Response ¶ 52). Then, rather than responding to the merits of the arguments set forth in $Z^3$'s motion to dismiss with regard to failure of consideration, Digital recharacterizes the allegations in its complaint to be a failure of a meeting of the minds of the parties. (Response ¶ 50) Digital has abandoned failure of consideration as a basis for its claims in Counts II and III, so for that reason alone the Court should dismiss the claims to the extent they rely on this legal doctrine. Digital's response fails to articulate any way to read the facts alleged in the complaint as plausibly supporting a theory that consideration has failed or that any such failure requires the avoidance of PLA-2009.

In any event, Digital's new theory, that there was no meeting of the minds, does not help its case. There very clearly was a meeting of *some* minds. Exhibit 3 to the complaint is a detailed, specific, fifteen-page agreement. Digital essentially says that Mr. Haler's "mind" was not the equivalent of Digital's "mind" when he signed the contract. That's just a different way of saying he lacked authority to sign the contract; it is not an argument about the meeting of minds.

The Court should dismiss Digital's claims to the extent they rely on the doctrine of failure of consideration.

       **3.**    **Digital Has No Plausible Claim to Invalidate PLA-2009 on Grounds of Mistake**

Digital brings up the meeting-of-the-minds issue again with regard to mutual mistake. Digital says that its entering the contract was "a mistake so fundamental in character that the minds of the parties have not, in fact, met . . ." (Response ¶ 45) The mistake to which Digital now refers is its own unilateral (rather than mutual) mistake in allowing its Executive Vice President to execute PLA-2009 on its behalf in violation of its brand new Signature Policy. Again, this is an authority argument, not a mistake argument. Digital does not believe it actually entered the contract, but only by mistake, so it now should be rescinded. Rather, Digital claims

6

that it never entered the contract in the first place because Mr. Haler had no authority to bind the company without a co-signature of someone else at the company.

*Sack Lumber Co. v. City of Sargent*, 140 N.W.2d 796 (Neb. 1966), which Digital cites, supports $Z^3$ rather than Digital. In that case, the plaintiff sued on an oral contract for time and materials, even though the parties had subsequently entered a written contract for a fixed price. *Id.* at 798. The court found no basis for reformation or rescission of the written argument, especially in light of the plaintiff's ratification by execution of the latter written contract. *Id.*

Digital has similarly ratified PLA-2009, notwithstanding its argument to the contrary. Count II alleges the following:

> 35. Digital has rescinded PLA-2009 and offered and demanded the **restitution and return of any consideration** or purported consideration exchanged thereunder heretofore.
>
> 36. Defendant has failed and refused and continues to fail and refuse to **restore to Digital any consideration paid or transferred by Digital to defendant** and has failed and refused to accept any return or restitution by Digital of any consideration.
>
> 37. By reason of **defendant's failure and refusal to return and restore any and all consideration paid or transferred to it by Digital** and to rescind and annul PLA-2009, **Digital has suffered loss, injury and damage in an amount exceeding $100,000.**

(Complt., ¶¶ 35-37, emphasis added.) There is no plausible way to read these allegations other than to say that Digital "paid" $Z^3$, as "consideration" under PLA-2009, "an amount exceeding $100,000," and Digital now wants that money back.[1] This payment constitutes a ratification of PLA-2009, defeating Digital's claim. *See* $Z^3$'s Opening Mem., p. 10; *Sack Lumber Co.*, 140 N.W.2d at 798.

---

[1] $Z^3$ agrees with these allegations. Digital, in fact, made two payments to $Z^3$ under PLA-2009, one for $50,000 and one for $75,000.

7

*School District of Scottsbluff v. Olson Construction Co.*, 45 N.W.2d 164 (Neb. 1950), does not help Digital's case either. There, the contractor made a clerical error when preparing a bid, resulting in a bid significantly lower than what it would have made without the mistake. The owner accepted the bid, but four days later – before any formal contract had been entered on the bid – the contractor notified the owner of the mistake. *Id*. at 166. At that early stage, no work had been done and no consideration had yet been conveyed by either side: "While the bid of the Olson Construction Company had been accepted and the contract awarded to it, no contract had been entered into; it was wholly executory." *Id*.

The case before this Court is very different. First, the contract at issue is a production license agreement for computer technology, not a construction bid. Digital cites no authority permitting rescission for unilateral mistake in a context other than a mistaken construction bid. Second, the alleged mistake here goes to the execution of the contract itself, not the object of the contract. (*See* $Z^3$'s Opening Mem., pp. 7-10) Third, Digital does not allege anywhere in the complaint that it ever notified $Z^3$ of this alleged mistake. To the contrary, Digital alleges that it actually paid $Z^3$ "an amount in excess of $100,000" under the contract. (Complt., ¶ 37) Digital has no plausible claim to rescind a contract based on an alleged unilateral mistake about its own execution of the contract (rather than about the object of the contract), when it paid more than $100,000 on the contract and when it never even notified $Z^3$ of the alleged mistake.

### 4.     Digital Has No Plausible Claim to Invalidate PLA-2009 on Grounds of Lack of Authority

The crux of the dispute over PLA-2009 is whether Mr. Haler had authority to bind Digital by his signature alone. The complaint attempts to allege nothing more than that he had no actual authority under the Signature Policy. There are no factual allegations whatsoever suggesting that Mr. Haler lacked apparent authority. The issue presented by this motion is whether the

8

complaint's bare-bones allegations support a plausible claim that the contract should be rescinded or declared void. Under *Twombly* and *Iqbal*, they do not.

To begin with, Digital tries to twist the issue into one of burden of proof. Digital argues that $Z^3$ has the burden of proving that Mr. Haler had no authority. Digital apparently believes it can file a complaint announcing that a contract its Executive Vice President signed is void, and then sit back on its hands while the defendant has the obligation to come forward with evidence proving that Digital's pronouncement in its complaint is untrue. Digital is incorrect. As the plaintiff, Digital has the burden of proof, and at this pleading stage, the obligation of alleging facts that would plausibly entitle it to relief. *See Nebraska Nutrients, Inc. v. Shepard*, 626 N.W.2d at 495 (plaintiff has the burden of pleading and proving all elements of fraud in a claim to rescind a contract for fraud); *Stupakoff v. Otto Dusan Mail Order Ltd. (In re Spiegel, Inc.)*, 354 B.R. at 56-58 (granting defendants' motion to dismiss a declaratory judgment claim under Rule 12(b)(6) because the factual allegations in the complaint would not entitle the plaintiff to relief).

The cases Digital cites do not impose the burden of proof on $Z^3$. In *Great American Insurance Co. v. General Builders, Inc.*, 934 P.2d 257 (Nev. 1997), a contractor sued a surety for money damages on a bond after the surety revoked the bond for lack of authority. In *Double K, Inc. v. Scottsdale Insurance Co.*, 515 N.W.2d 416 (Neb. 1994), the plaintiff sued the insurance company for insurance coverage, alleging that the broker with whom the plaintiff dealt was an authorized agent of the insurer. Significantly, neither of these cases addressed a rescission or declaratory judgment claim by the alleged principal against a third party that had signed a contract with the alleged agent. $Z^3$ agrees that, in its counterclaim against Digital on PLA-2009, it has the burden of proving that Mr. Haler had actual or apparent authority to execute PLA-2009

9

on behalf of Digital.  With regard to Counts II and III of Digital's complaint, however, Digital has the obligation, as the plaintiff, to plead and prove that Mr. Haler had no actual or apparent authority.

With regard to the substance of this issue, Digital ignores the arguments in $Z^3$'s memorandum.  (*See* $Z^3$'s Opening Mem., pp. 10-13)  Mr. Haler undeniably had authority to execute production license agreements with $Z^3$ alone as late as November 2, 2008, when he executed PLA-2008.  Under the law cited in $Z^3$'s opening memorandum, Digital thus had the obligation to plead, as essential elements of its rescission and declaratory judgment counts, that $Z^3$ had notice of circumstances that made it unreasonable to assume that Mr. Haler's authority continued through January 2, 2009.  Digital points to no such allegations in the complaint. Digital has not pleaded facts that plausibly support a claim for avoidance based on Mr. Haler's lack of apparent authority.[2]

### C. The Complaint Alleges No Facts Supporting a Declaratory Judgment that PLA-2009 Was Terminated According to Its Terms

Digital seeks in its prayer for relief on Count III, a declaration that PLA-2009 "has been terminated according to its terms."  The only term addressing termination is Paragraph 3, pages 2-3 of PLA-2009, which permitted Digital to terminate the contract with thirty days' written notice to $Z^3$ if $Z^3$ had breached a material term of the contract and failed to cure the breach within thirty days.  The complaint alleges no facts supporting termination under this

---

[2]  Perhaps recognizing that the statement in ¶ 22 of the complaint (that $Z^3$ had actual or constructive knowledge of the Signature Policy) lacks any evidentiary support, Digital does not rely on ¶ 22 in opposition to this motion. Digital has accordingly waived any argument based on ¶ 22, and the Court should not consider the paragraph when ruling on this motion.  *See Blue Tarp Financial, Inc. v. Eastern Materials Corp.*, 2009 WL 2242617, at *5 n.18 (D. Me. 2009); *Rife v. Borough of Dauphin*, 2009 WL 2151180, at *6 (M.D. Pa. 2009).  In any event, the bare-bones statement that $Z^3$ had "actual and/or constructive knowledge" of the policy is a mere conclusion not entitled to any presumption of truth under *Twombly* and *Iqbal*.  *See Iqbal*, 129 Sect. at 1951 (the complaint's allegation that the defendants "knew of" the plaintiff's condition of confinement was a conclusory assertion not entitled to a presumption of truth).

clause: it does not allege that $Z^3$ materially breached PLA-2009, that Digital gave $Z^3$ thirty days' written notice of any such breach or that $Z^3$ failed to cure after receiving such written notice.

To the extent Count III seeks a declaration that PLA-2009 was terminated according to its terms, the Court should dismiss Count III.

## CONCLUSION

Accordingly, $Z^3$ urges the Court to dismiss Counts II and III of Digital's complaint.


Dated August 26, 2009                     Respectfully submitted,

                                          BERKOWITZ OLIVER WILLIAMS
                                          SHAW & EISENBRANDT LLP


                                          By:   /s/ Neil L. Johnson
                                             Neil L. Johnson            KS Bar #13934
                                             2600 Grand Boulevard, Suite 1200
                                             Kansas City, Missouri  64108
                                             Telephone:  (816) 561-7007
                                             Facsimile:   (816) 561-1888
                                             E-Mail:     njohnson@bowse-law.com

                                                  -and-

                                             Mark E. Wilson, *admitted pro hac vice*
                                             Kerns, Frost & Pearlman, LLC
                                             Three First National Plaza
                                             70 W. Madison Street, Suite 5350
                                             Chicago, Illinois  60602
                                             Telephone:  (312) 261-4550
                                             Facsimile:   (312) 261-4565
                                             E-Mail:     mwilson@kpfplaw.com

                                          *Attorneys for $Z^3$ Technology*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the District of Kansas on this 24th day of August 2009, with notice of case activity generated and sent electronically to:

> James F. B. Daniels
> McDowell, Rice, Smith & Buchanan, PC
> The Skelly Building
> 605 West 47th Street, Suite 350
> Kansas City, Missouri  64112-1900
>
> ***Attorneys for Digital Ally, Inc.***

/s/ Neil L. Johnson
***Attorneys for Z³ Technology***