**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DIGITAL ALLY, INC. ) | |
| ) | |
|     Plaintiff and Counterdefendant, ) | |
| ) | |
| v. ) | Case No. 2:09-cv-2292 |
| ) | |
| $Z^3$ TECHNOLOGY, LLC, ) | Magistrate Judge K. Gary Sebelius |
| ) | |
|     Defendant, Counterplaintiff, and ) | |
|     Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT HALER, ) | |
| ) | |
|     Third-Party Defendant. ) | |

## THIRD-PARTY COMPLAINT

Defendant, Counterplaintiff and Third-Party Plaintiff, $Z^3$ Technology, LLC, by its attorneys, Neil L. Johnson and Berkowitz Oliver Williams Shaw & Eisenbrandt LLP, and Mark E. Wilson and Kerns, Frost & Pearlman, LLC, for its third-party complaint, states as follows:

### JURISDICTION

1. Third-Party Plaintiff $Z^3$ Technology, LLC ("$Z^3$") is a limited liability company organized and existing under the laws of Nebraska. The members of $Z^3$ are Max Aaron Caldwell, who is a citizen of Nebraska, and Bruno Marchevsky, who is a citizen of Illinois.

2. Third-Party Defendant Robert Haler ("Haler") is a citizen of Missouri.

3. This Court has subject-matter jurisdiction over this third-party action because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COUNT I
## (BREACH OF WARRANTY)

4. $Z^3$ incorporates by reference ¶¶ 1 through 3 above as if fully set forth herein.

5. Plaintiff, Digital Ally, Inc. ("Digital"), filed a complaint in this action against $Z^3$, a true and correct copy of which is attached hereto as Exhibit A (the "Complaint").

6. In Counts II and III of the Complaint, Digital claims that Haler, as Executive Vice President for Engineering and Production of Digital, signed a contract with $Z^3$ purporting to obligate Digital on the contract when he did not have authority to do so, thereby relieving Digital of any obligation on the contract.

7. By signing the contract and delivering the contract to $Z^3$, Haler expressly or impliedly warranted to $Z^3$ that he had authority to obligate Digital on the contract by his signature.

8. $Z^3$ opposes the claims asserted by Digital in Counts II and III of the Complaint. If, however, the Court enters a judgment or decree in favor of Digital on Counts II or III of the Complaint, then Haler is liable over to $Z^3$ for breach of warranty.

9. If the Court enters a judgment or decree in favor of Digital on Counts II or III of the Complaint, Haler's breach of warranty to $Z^3$ will have proximately caused $Z^3$ to suffer damages in the amount of all fees, royalties and other sums not paid on the contract; plus lost profits; plus interest, costs, attorney's fees and expenses.

## COUNT II
## (NEGLIGENCE)

10. $Z^3$ incorporates by reference ¶¶ 4 through 6 above as if fully set forth herein.

11. Haler had a duty to $Z^3$ to act with due care to comply with all Digital's applicable policies and procedures with regard to signing the contract on behalf of Digital.

12. Haler had a duty to $Z^3$ to act with due care when making representations to $Z^3$ as to Digital's becoming a party to the contract.

13. If the Court enters a judgment or decree in favor of Digital on Counts II or III of the Complaint, Haler breached his duties to $Z^3$ by (1) negligently failing to comply with Digital's policies and procedures, including but not limited to the alleged Signature Authorities Policy referenced in the Complaint; (2) negligently representing to $Z^3$ that he had authority to bind Digital to the contract by his signature; and/or (3) negligently leading $Z^3$ to believe, by his words and/or actions, that he had or had had authority to bind Digital to the contract by his signature.

14. If the Court enters a judgment or decree in favor of Digital on Counts II or III of the Complaint, Haler's breaches of duties owed to $Z^3$ proximately caused $Z^3$ to suffer damages, including but not limited to all fees, royalties and other sums not paid on the contract; plus lost profits; plus interest, costs, attorney's fees and expenses.

15. $Z^3$ opposes the claims asserted by Digital in Counts II and III of the Complaint. If, however, the Court enters a judgment or decree in favor of Digital on Counts II or III of the Complaint, then Haler is liable over to $Z^3$ for his negligence as set forth above.

WHEREFORE, Third-Party Plaintiff $Z^3$ Technology, LLC, prays for judgment in its favor and against Third-Party Defendant, Robert Haler, in the amount of all of its recoverable damages in the event that the Court enters a judgment or decree in favor of Digital on Counts II or III of the Complaint, plus interest, costs, attorneys' fees, expenses, and such further relief as the Court deems just.

Respectfully submitted,

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP

By: /s/ Neil L. Johnson
Neil L. Johnson                KS Bar #13934
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri  64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
E-Mail:   njohnson@bowse-law.com

-and-

Mark E. Wilson, *admitted pro hac vice*
Kerns, Frost & Pearlman, LLC
Three First National Plaza
70 W. Madison Street, Suite 5350
Chicago, Illinois  60602
Telephone:  (312) 261-4550
Facsimile:  (312) 261-4565
E-Mail:   mwilson@kpfplaw.com

*Attorneys for $Z^3$ Technology, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the District of Kansas on this 9th day of December, 2009, with notice of case activity generated and sent electronically to:

James F. B. Daniels
McDowell, Rice, Smith & Buchanan, PC
The Skelly Building
605 West 47th Street, Suite 350
Kansas City, Missouri  64112-1900

*Attorneys for Digital Ally, Inc.*

*Attorneys for $Z^3$ Technology*

4