IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,            )
                                 )
            Plaintiff,     )
                                 )
v.                            )     Case No. 09-2292
                                 )
Z³ TECHNOLOGY, LLC,     )
                                 )
            Defendant.   )

## **PROPOSED JURY INSTRUCTIONS**

Digital Ally, Inc. and Z³ Technology, LLC have conferred on draft jury instructions as provided by local rule and the pretrial order. By agreement, the parties submit this redline version for the Court's review. This redline shows Z³'s changes to Digital's proposed instructions.

Dated this 6th day of June, 2012.

DIGITAL ALLY, INC., Plaintiff         Z³ TECHNOLOGY, LLC, Defendant

By:   */s/ James F.B. Daniels*         By:   */s/ Neil L. Johnson*
      James F.B. Daniels, KS Fed. #70468        Neil L. Johnson, KS Bar #13934
      McDOWELL, RICE, SMITH &          BERKOWITZ OLIVER
      BUCHANAN                   WILLIAMS SHAW &
      605 W. 47th Street, Suite 350           EISENBRANDT, LLP
      Kansas City, MO 64112              2600 Grand Blvd., Suite 1200
      (816) 753-5400 telephone            Kansas City, MO 64108
      (816) 753-9996 telecopier            (816) 561-7007 telephone
      Jdaniels@mcdowellrice.com          (816) 561-1888 telecopier
                                     njohnson@bowse-law.com

                                     Mark E. Wilson, *pro hac vice*
                                     KERNS FROST & PEARLMAN
                                     Three First National Plaza
                                     70 W. Madison Street, Suite 5350
                                     Chicago, IL 60602
                                     (312) 261-4550 telephone
                                     (312) 261-4565 telecopier
                                     mwilson@kfplegal.com

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTIONS TO BE GIVEN AFTER THE JURY IS SWORN**

**Deleted:** {00062978.DOC}

**Formatted:** Left

{00062978.DOC}

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

## INSTRUCTION NO. 1
## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case and those instructions will control your deliberations and decision. But, in order to help you follow the evidence, I will now give you a brief summary of the elements which Digital as plaintiff and which $Z^3$ as a counter-plaintiff, who is suing Digital upon a counterclaim, must prove in order to make their respective cases.

This case involves two (2) contracts identified, in shorthand fashion, as Contract PLA-2008 and Contract PLA-2009.

Digital is suing $Z^3$ for breach of a warranty associated with the goods that it received from $Z^3$ under Contract PLA-2008. For there to be a breach of warranty, Digital must prove that a representation of fact or promise amounting to an express warranty existed; that $Z^3$ failed to perform in accordance with the express warranty so as to constitute a breach of said express warranty; that Digital notified $Z^3$ of the breach of warranty within a reasonable time after discovering it; and that $Z^3$'s failure to perform in accordance with the express warranty caused Digital certain damages.

$Z^3$ is suing or countersuing Digital upon what is known as a counterclaim. First, $Z^3$ is suing Digital for breach of the contract known as Contract PLA-2009. The Court has already ruled as a matter of law that Digital breached contract PLA-2009. Additionally, the Court has already ruled as a matter of law that Digital must pay $175,000 in damages to $Z^3$ for failing to make all required engineering fee payments under the contract and an additional $270,000 in damages to $Z^3$ for failing to make royalty payments under the contract. The remaining issue for

{00062978.DOC}2

<div style="float:right">

Deleted: 3

Deleted:

Deleted: 3

Deleted: n express and implied

Formatted: Indent: First line: 0.5"

Deleted: 3

Deleted: express

Deleted: 3

Deleted: 3

Deleted: ¶
 For there to be a breach of implied warranty, in this case a breach of implied warranty of fitness for a particular purpose, Digital must prove that Z3 sold the goods in question to Digital; that when Contract PLA-2008 was made, Digital purchased those goods for use in manufacturing its own video products; that Z3 had reason to know that; that when Contract PLA-2008 was made, Digital was relying on Z3's skill or judgment to select and furnish goods suitable for that particular purpose; that Z3 had reason to know of Digital's reliance in that regard; that at the time the goods were delivered or turned over by Z3 to Digital, they were not fit for the particular purpose in question; and that the breach of this warranty was the cause of some damages to Digital.

Deleted: 3

Deleted: 3

Deleted: For there to be a breach of Contract PLA-2009, Z3 must prove that Contract PLA-2009 existed; that there was sufficient consideration to support the contract; that Z3 either performed or was willing to perform its part of the contract; that Digital breached that contract; and that Z3 was caused some damage by Digital's breach.

Deleted: 3

Deleted: 3

</div>

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

you to decide is what additional amount of damages Digital should pay to $Z^3$ for Digital's breach of this contract as special damages.

$Z^3$ is also suing Digital for breach of Contract PLA-2008, the same contract under which Digital is suing $Z^3$ for breach of warranty. For there to be a breach of Contract PLA-2008, $Z^3$ must prove that Contract PLA-2008 existed; that there was sufficient consideration to support the contract; that $Z^3$ either performed or was willing to perform its part of the contract; that Digital breached that contract; and that $Z^3$ was caused some damages by $Z^3$'s breach.

AUTHORITY:  Standardized General Opening Instructions in Civil Cases (Judge Murguia); Nebraska Jury Instructions – Civil 2d (NJI2d Civ.), 4.40, 11.40, 11.44 and 15.01.

**Deleted:** 3

**Deleted:** failing to make required purchases under the contract.

**Deleted:** 3

**Deleted:**

**Deleted:** 3

**Deleted:** express and implied

**Deleted:** 3

**Deleted:** 3

**Deleted:** 3

**Deleted:** 3

**Formatted:** Line spacing:  Double

{00062978.DOC}3

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 2**
**DUTY OF JURY**

It will be your duty to find from the evidence what the facts are. You and you alone, are

the judges of the facts. You will then have to apply to those facts to the law as the court will give

it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or

should be taken by you as indicating, what your verdict should be.

AUTHORITY:  Standardized General Opening Jury Instructions in Civil Cases (Judge Murguia).

| Deleted: m |
| Deleted: f |

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

## INSTRUCTION NO. 3
### EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1.  Statements, arguments, and questions by lawyers are not evidence.

2.  Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.  Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.  Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on

| Deleted: {00062978.DOC} |
| Formatted: Left |

{00062978.DOC}

5

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

AUTHORITY:  Standardized General Opening Jury Instructions in Civil Cases (Judge Murguia).

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 4**
**BENCH CONFERENCES AND RECESSES**

From time to time it may become necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

AUTHORITY: FED-JI § 101.31.

Deleted: {00062978.DOC}

Formatted: Left

*7*

{00062978.DOC}

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 5**
**JURY QUESTIONS (PERMITTED)**

Jurors normally do not ask a witness questions. However, I allow jurors to ask important questions during the trial under certain conditions.

If you feel that the answer to your question would be helpful in understanding the issues in the case, please raise your hand after the lawyers have completed their examination but before I excuse the witness. You will then be given pen and paper with which to write your question for the witness.

I will then talk privately with the lawyers and decide whether the question is proper under the law. If the question is proper, I will ask the witness the question. Some questions may be rewritten or rejected. Do not be concerned or draw any implications if the question is not asked.

Do not discuss your question with anyone, including the marshal or clerk. Remember, you are not to discuss the case with the other jurors until it is submitted for your discussion.

AUTHORITY:  FED-JI § 101.15, *United States v. Evans,* 542 F.2d 805, 813 (10th Cir. 1976), cert. denied, 429 U.S. 1101 (1977).

Formatted: Line spacing:  Double

Deleted: {00062978.DOC}

Formatted: Left

{00062978.DOC}

8

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 6**
**BURDEN OF PROOF**

This is a civil case. There is a plaintiff and a counter-plaintiff. The plaintiff and the counter-plaintiff have the burden of proving their respective cases by what is called the preponderance of the evidence. That means the plaintiff and counter-plaintiff each has to produce evidence which, considered in the light of all of the facts, leads you to believe that what the plaintiff or counter-plaintiff claims is more likely true than not. To put it differently, if you were to put plaintiff's and counter-plaintiff's evidence a scale and to put the evidence approving it on the opposite side of the scale, plaintiff or counter-plaintiff would each have to make the scales tip somewhat on their side.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case and you should therefore put it out of your mind.

AUTHORITY: Standardized General Opening Jury Instructions in Civil Cases (Judge Murguia) (modified).

Deleted: INSTRUCTION NO. 6¶
JURY QUESTIONS (PROHIBITED)¶
¶
I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers

Deleted: (

Deleted: during

Deleted:

Deleted: their examination of the witnesses. If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected. AUTHORITY: FED-JI § 101.16.¶
------Section Break (Next Page)------

Deleted: 7

Formatted: Line spacing: Double

9

Deleted: {00062978.DOC}

Formatted: Left

{00062978.DOC}

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 7**
**BURDEN OF PROOF: DAMAGES**

Deleted: 8

With respect to each claim of each of the parties, the party seeking to recover damages

bears the burden of proving that it has suffered damages as a result of the other party's conduct.

The party seeking damages has the burden of proving both the cause of the loss and the extent

thereof. While the fact that some damages have been suffered must be proven, the amount of

damages need not be proved with mathematical certainty. Rather, the party seeking damages

needs to present evidence sufficient for you to make a reasonable approximation of the damages

sustained. The party seeking damages may recover even if it cannot prove a precise amount of

damages, so long as there is evidence from which you can find a reasonably certain basis to

approximate the amount of damages.

Formatted: Line spacing: Double

AUTHORITY: *Belot v. Unified School Dist. No. 497, Douglas County,* 27 Kan.App.2d 367,4

P.3d 626 (Kan. App. 2000), *Wentling v. Medical Anesthesia Services, P.A.,* 237 Kan. 503, 701

P.2d 939 (Kan. 1985).

Deleted: {00062978.DOC}

Formatted: Left

{00062978.DOC}

10

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 8**
**CONDUCT OF THE JURY**

Deleted: 9

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about the case.

Second, do not read or listen to anything touching on this case in any way. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. But if you do, leave them in the jury room when you leave at night. And remember that they are for your personal use-please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.

The court reporter is making an official record of the trial. However, we will not have typewritten transcripts of this record available for use in reaching your decision in this case.

<u>AUTHORITY</u>:  Standardized General Opening Jury Instructions in Civil Cases (Judge Murguia).

Deleted: {00062978.DOC}

Formatted: Left

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 9**
**COURSE OF TRIAL**

Deleted: 10

The trial will now begin. First, each party may make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, plaintiff will present his/her witnesses, and defendant may cross-examine them. Then defendants will present its witnesses and plaintiff may cross-examine them.

The court will give you instructions on the law and then, the attorneys will make their closing arguments to summarize and interpret the evidence for you.

You will then retire to deliberate on your verdict.

<u>AUTHORITY</u>:  Standardized General Opening Jury Instructions in Civil Cases (Judge Murguia).

Deleted: {00062978.DOC}

Formatted: Left

{00062978.DOC}

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTIONS GIVEN AFTER CLOSING OF EVIDENCE**

Deleted: {00062978.DOC}

Formatted: Left

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

## INSTRUCTION NO. 10
## DUTY TO FOLLOW LAW AS GIVEN

Deleted: 1

Members of the jury: It is your duty as jurors to follow the law as I shall state it to you.

You should construe each instruction in the light of and in harmony with the other instructions,

and you should apply the instructions as a whole to the evidence.

AUTHORITY:  Standardized General Final Jury Instructions in Civil Cases (Judge Murguia).

Deleted: {00062978.DOC}

Formatted: Left

14

{00062978.DOC}

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

## INSTRUCTION NO. 11
### BURDEN OF PROOF DEFINED

Deleted: 2

Burden of proof means burden of persuasion. A party who has the burden of proof must prove his claim or defense to the other party's claim, by the preponderance of the evidence. That is, a party who has the burden of proof must persuade you that his claim or defense is more probably true than not true. In determining whether a party has met this burden you will consider all the evidence, whether produced by Digital or Z3.

Deleted: it

Deleted: 3

Deleted:  This burden of proof applies to Digital's claims and the counter-plaintiff's claims for breach of contract and warranty to Z3's claims for breach of contract. Additionally, it applies to Digital's affirmative defenses.

Formatted: Line spacing:  Double

AUTHORITY:   Standardized General Final Jury Instructions in Civil Cases (Judge Murguia); *Rockey v. Bacon,* 205 Kan. 578, 470 P.2d 804 (1970); *Reynolds v. Kansas Dept. of Trans.,* 273 Kan. 261, 43 P.3d 799 (2002).

Deleted: {00062978.DOC}

Formatted: Left

{00062978.DOC}

15

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 12**
**CONSIDERATION OF EVIDENCE**

Deleted: 3

You may consider as evidence whatever is admitted in the trial as part of the record, whether it be the testimony of witnesses (in person or by deposition) or an article or document marked as an exhibit or other matter admitted, such as an admission, agreement, or stipulation.

AUTHORITY:  Standardized General Final Jury Instructions in Civil Cases (Judge Murguia).

Deleted: {00062978.DOC}

Formatted: Left

{00062978.DOC1

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

## INSTRUCTION NO. 13
## CONSIDERATION OF ADMITTED EVIDENCE ONLY

Deleted: 4

At times during the trial the court passed upon objections to the admission of certain things into evidence. Questions relating to the admissibility of evidence are solely questions of law for the court and you must not concern yourselves with the reasons for my rulings. In your consideration of the case you must draw no inferences from these rulings and you must consider only the evidence which is admitted by the court.

Formatted: Line spacing:  Double

AUTHORITY:   Standardized General Final Jury Instructions in Civil Cases (Judge Murguia) (modified).

{00062978.DOC}17

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 14**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Deleted: 5

There are two kinds of evidence, direct and circumstantial.

Direct evidence is either physical evidence of a fact or testimony by someone who has first-hand knowledge of a fact by means of his or her senses.  Circumstantial evidence is evidence of one or more facts from which another fact can logically be inferred.

The law makes no distinction between these two kinds of evidence.  A fact may be proved by either direct evidence or circumstantial evidence.

<u>AUTHORITY</u>:  NJI2d Civ. 1.31 Direct and Circumstantial Evidence.

{00062978.DOC} 18

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 15**
**EVALUATION OF TESTIMONY – CREDIBILITY OF WITNESSES**

You are the sole judges of the credibility of the witnesses and the weight to be given to

their testimony.  In determining this, you may consider the following:

1.  The conduct and demeanor of the witness while testifying;

2.  The sources of information, including the opportunity for seeing or knowing the things about which the witness testified;

3.  The ability of the witness to remember and to communicate accurately;

4.  The reasonableness or unreasonableness of the testimony of the witness;

5.  The self-interest or lack of self-interest of the witness in the result of this case;

6.  The apparent fairness or bias of the witness, or the witness's relationship to the parties;

7.  Any previous statement or conduct of the witness that is consistent or inconsistent with testimony of the witness at this trial; and

8.  Any other evidence that affects the credibility of the witness or that tends to support or contradict the testimony of the witness.

AUTHORITY:  NJI2d Civ. 1.41 Evaluation of Testimony – Credibility of Witnesses.

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 16**
**EXPERT TESTIMONY**

Deleted: 7

A witness who has special knowledge, skill, experience, training or education in a

Deleted: ι

particular area may testify as an expert in that area.  You determine what weight, if any, to give

to an expert's testimony, just as you do with the testimony of any other witness.  You should

consider the expert's credibility as a witness, the expert's qualifications as an expert, the sources

of the expert's information and the reasons given for any opinions expressed by the expert.

AUTHORITY:  NJI2d Civ. 1.42 Expert Testimony.

{00062978.DOC}20

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 17**
**EVALUATION OF DEPOSITION EVIDENCE**

Deleted: 8

During the trial, testimony was presented to you by deposition.  Such testimony is under

oath and is entitled to the same fair and impartial consideration you give other testimony.

AUTHORITY:  NJI2d Civ. 1.44 Evaluation of Deposition Evidence.

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

## INSTRUCTION NO. 18
### EVIDENCE: STATEMENTS BY COUNSEL

Deleted: 9

Statements, arguments, and remarks of counsel are intended to help you in understanding the evidence and in applying the law, but they are not evidence. You should disregard any such statement that has no basis in the evidence.

AUTHORITY:  Standardized General Final Jury Instructions in Civil Cases (Judge Murguia).

{00062978.DOC}22

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 19**
**JUDGE IMPARTIALITY**

| Deleted: 20 |

Neither in these instructions nor in any ruling, action, or remark that I have made during the course of this trial have I intended to interpose any opinion or suggestion as to how I would resolve any of the issues of this case.

<u>AUTHORITY</u>:  Standardized General Final Jury Instructions in Civil Cases (Judge Murguia).

{00062978.DOC}23

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

INSTRUCTION NO. 20
STATEMENT OF THE CASE

I.    DIGITAL'S CLAIMS FOR BREACH OF CONTRACTUAL WARRANTY

A.    ISSUES

As I told you at the beginning of this trial, this case involves two contracts, Contract PLA-2008 and Contract PLA-2009.

Digital claims that on October 31, 2008, it and Z3 entered into Contract PLA-2008.

Digital claims that, under the terms of Contract PLA-2008, Z3 agreed to design, manufacture, and deliver 1,000 circuit boards or modules identified as DM-355 modules to Digital at a cost of $100,000 and, for an additional fee of $55,000 to provide Digital with the software for these modules.

Digital claims that Z3 breached Contract PLA-2008 because the 1,000 DM-355 modules that it received and paid for do not meet the hardware specifications for the modules as warranted in the contract.

Digital claims that it was damaged as a result of this breach of Contract PLA-2008 and it seeks a judgment against Z3 for these damages.

Z3 admits that:

- It and Digital entered into Contract PLA-2008 on October 31, 2008;

- That pursuant to Contract PLA-2008, Digital ordered and Z3 designed, manufactured and delivered 1,000 DM-355 modules to Digital;

- That Digital paid $100,000 to Z3 for those 1,000 DM-355 modules and that Digital paid $40,000 of the $55,000 that was to be paid for in fees.

Z3 denies that the 1,000 modules do not conform to the hardware specifications for the modules as warranted in the contract.

{00062978.DOC}24

Deleted: 1

Deleted: – BREACH OF CONTRACT

Formatted: Bullets and Numbering

Formatted: Indent: Left: 0.5", Hanging: 0.5", Numbered + Level: 1 + Numbering Style: A, B, C, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after: 0" + Indent at: 0.75"

Deleted: 3

Deleted: 3

Deleted: sell

Deleted: necessary to make those modules function

Deleted: 3

Deleted: do not function as intended and Z3 has thus breached both the express warranties contained in Contract PLA-2008 and the warranty of fitness for a particular purpose that is implied in the contract.

Deleted: 3

Deleted: 3

Formatted: Indent: Left: 0.79", Hanging: 0.21", Bulleted + Level: 1 + Aligned at: 0.79" + Tab after: 0" + Indent at: 1.04"

Deleted: 3

Deleted: 3

Deleted: 3

Deleted: function; it denies that the modules do not

Deleted: and with the warranties appearing in Contract PLA-2008; and it denies that it has breached the implied warranty of fitness for a particular purpose.

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

The court has determined as a matter of law that Digital has no claim for an any alleged software issues with the modules, so Digital's claim is limited to hardware issues, if any, with the modules. Additionally, the court has determined as a matter of law that if $Z^3$ has breached Contract PLA-2008, Digital can recover a maximum of $140,000 in damages for that breach, given a damage "cap" contained in Contract PLA-2008.

**B.    BURDEN OF PROOF**

Before Digital can recover against $Z^3$ on its claim of breach of express warranty, Digital must prove, by the greater weight of the evidence, each and all of the following:

1.  That $Z^3$ sold the 1,000 DM-355 modules to Digital by virtue of contract PLA-2008;

2.  That Digital substantially performed its part of the contract: Digital's performance is substantial if it made a good faith effort to live up to its part of the contract and any deviations from the terms and requirements of the contract are relatively minor and unimportant;

3.  That $Z^3$ expressly warranted in contract PLA-2008 that the modules would be free from defects in material and workmanship, and would perform substantially in accordance with the specifications and related documentation provided to Digital;

4.  That Digital is a party who could have expected to use, consume, or be affected by the DM-355 modules;

5.  That the DM-355 modules did not conform to the contractual warranty terms;

6.  That, within a reasonable time after Digital discovered or should have discovered the breach of warranty, it gave $Z^3$ notice of the breach;

Deleted: as a matter of law that the following facts exist and you must accept them as true:

Deleted: 3

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: A, B, C, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after: 0" + Indent at: 0.75"

Formatted: Letter Numbering, Indent: Left: 0", First line: 0.5", Line spacing: Double

Deleted: 3

Formatted: Font: Not Bold, No underline

Deleted: 3

Formatted: Space After: 0 pt, Line spacing: Double, Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.75" + Tab after: 1" + Indent at: 1"

Deleted: 3

Deleted: 3

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

7.  That the breach of this warranty was a proximate cause of some damage to

Digital; and

8.  The nature and extent of that damage.

**C.     NOTICE OF BREACH**

As I said in Instruction 20(I)(B), in order to recover for breach of express warranty,

Digital must prove that it notified $Z^3$ of the breach, and that it did so within a reasonable time

after it discovered or should have discovered the breach.

You must determine what amount of time is reasonable.  In doing so, take into

consideration the circumstances shown by the evidence in this case and the nature of the act to be

done, that is, giving notice.

The notice may be oral or written.  It does not have to be in any particular form and it

does not have to use any particular words.  Notice is sufficient if it informed $Z^3$ of the alleged

breach of warranty.

**D.     EFFECT OF FINDINGS**

If Digital has *not* met this burden of proof, then your verdict must be for $Z^3$.

On the other hand, if Digital *has* met this burden of proof, then you verdict must be for

Digital.

**AUTHORITY:** 1 Neb. Prac., NJI2d Civ. 11.40 (Breach of Express Warranty—Burden of

Proof); 11.45 (Notice of Breach of Warranty); 15.01(I)(A), (C) (Statement of Case—Breach of

Contract for Issues and  Effect of Findings); 15.07 (Substantial Performance) (2011-2012 ed.)

(modified from original).

{00062978.DOC}26

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**II.**    **$Z^3$'S CLAIMS FOR BREACH OF CONTRACT PLA-2009**

    **A.**    **ISSUES**

As I have previously instructed you, this case also involves a contract between $Z^3$ and Digital, providing for the design, manufacture, and delivery of DM-365 modules and related software. The parties have referred to this contract as PLA-2009.

$Z^3$ claims that Digital breached contract PLA-2009 by sending a letter to $Z^3$ on April 10, 2009, stating that the contract was terminated when Digital had no right under the contract to terminate the contract.

The Court has determined as a matter of law that the following facts exist and you must accept them as true: Digital did, in fact, send the April 10, 2009 letter to $Z^3$; and the sending of this letter did, in fact, constitute a breach of PLA-2009.

$Z^3$ claims that it was damaged as a result of this breach of contract, and seeks a judgment against Digital for these damages.

**AUTHORITY:** 1 Neb. Prac., NJI2d Civ. 15.01(I)(A) (Statement of Case—Breach of Contract for Issues) (2011-2012 ed.) (modified from original).

**III.**    **$Z^3$'S CLAIMS FOR BREACH OF CONTRACT PLA-2008**

    **A.**    **ISSUES**

$Z^3$ has also asserted a claim against Digital under PLA-2008. As I previously instructed you, this contract provided for the design, manufacture, and delivery of 1,000 DM-355 modules and related software.

{00062978.DOC}27

Deleted: 3
Formatted: No bullets or numbering
Formatted: Outline numbered + Level: 2 + Numbering Style: A, B, C, … + Start at: 1 + Alignment: Left + Aligned at:  0.5" + Tab after:  1" + Indent at:  1"
Deleted: T
Deleted: , in part,
Deleted: 3
Deleted: Technology, LLC on the one hand,
Deleted: Ally, inc.
Deleted: 3
Deleted: the
Deleted: contract
Deleted: 3
Deleted:
Deleted: Z3 also claims that it was damaged as a result of this breach of contract, and seeks a judgment against Digital for these damages.¶
Deleted: d
Deleted: determined
Deleted: 3
Deleted: A. . ISSUES¶
Z3 asserted claims against Digital for breach both of Contract PLA-2008 and Contract PLA-2009. Turning first to Contract PLA-2009, Z3 claims that on January 2, 2009, it and Digital entered into Contract PLA-2009.  Z3 claims that under the terms of Contract PLA-2009, Z3 agreed to design and manufacture a circuit board for Digital known as the DM-365 module; that Digital agreed to purchase 3,050 of these DM-365 modules from Z3 for the sum of $310,000.00; that Digital agreed to give Z3 a "first opportunity" to manufacture and sell a further 36,000 DM-365 modules t[1]
Formatted: Line spacing:  Double
Deleted: ¶
Deleted: ¶
Deleted: AUTHORITY:  NJI2d[2]
Deleted: 3
Formatted[3]
Deleted: 3

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

$Z^3$ claims that Digital breached contract PLA-2008 by failing to make a $15,000 fee payment when due. $Z^3$ claims that it was damaged as a result of this breach of contract, and seeks a judgment against Digital for $15,000 in damages.

The court has determined as a matter of law that the following facts exist and you must accept them as true:

- PLA-2008 provided for Digital's payment to $Z^3$ of $55,000 for engineering fees and software and $100,000 for delivery to Digital of DM-355 modules.

- Digital paid $Z^3$ $40,000 of the $55,000 for engineering fees and software as provided in the contract.

- Digital paid $Z^3$ the $100,000 for the delivery of DM-355 modules as provided in the contract.

- $Z^3$ delivered the DM-355 software and hardware to Digital.

**B.    BURDEN OF PROOF**

Before $Z^3$ can recover against Digital on its claim of breach of contract PLA-2008, $Z^3$ must prove by the greater weight of the evidence, each and all of the following:

1. That $Z^3$ and Digital entered into the PLA-2008 contract;

2. The terms of the contract;

3. That $Z^3$ substantially performed its part of the contract. $Z^3$'s performance is substantial if it made a good faith effort to live up to its part of the contract and any deviations from the terms and requirements of the contract are relatively minor and unimportant;

4. That Digital breached the contract in the manner claimed by $Z^3$;

{00062978.DOC}28

Deleted: 3
Deleted: the
Deleted: contract
Deleted: 3

Deleted: UNCONSCIONABILITY¶
¶
Your verdict must be for Digital upon Z3's claim that Digital breached Contract PLA-2009 if you find that Digital has satisfied its burden of proving, by the greater weight of the evidence, that Contract PLA-2009 was either unjust, unconscionable or illegal.¶
The term "unconscionable" means manifestly unfair or inequitable. An unconscionable contract is defined as an agreement that no promisor with any sense and not under a delusion would make and that no honest and fair promisee would accept.  ¶
Unconscionability is determined in light of all the surrounding circumstances including (1) the manner in which the parties entered into the contract; (2) whether the parties had a reasonable opportunity to understand the terms of the contract; and (3) whether the important terms were hidden in a maze of fine print.¶
AUTHORITY:  NJI2d Civ. 15.26 and 15.01, Comment II, Public Policy, p. 6¶
<#>NON-OCCURRENCE OF CONDITIONS PRECEDENT¶
¶
Your verdict must be for Digital upon Z3's claim that Digital breached Contract PLA-2009 if you find that Digital [ ... [4]
Formatted: Font: Not Bold
Deleted: 3
Formatted [ ... [5]
Deleted: 3
Deleted: 3
Deleted: for the DM-355 module.
Formatted [ ... [6]
Formatted [ ... [7]
Deleted: 3
Deleted: 3
Formatted [ ... [8]
Deleted: 3
Deleted: 3
Deleted: 3
Deleted: 3

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

5.  That this breach of contract was a proximate cause of some damage to $Z^3$; and

6.  The nature and extent of that damage.

**C.     EFFECT OF FINDINGS**

If $Z^3$ has *not* met this burden of proof, then your verdict must be for Digital.

On the other hand, if $Z^3$ *has* met this burden of proof, then your verdict must be for $Z^3$.

**AUTHORITY:** 1 Neb. Prac., NJI2d Civ. 15.01(I)(A)-(C) (Statement of Case—Breach of Contract for Issues, Burden of Proof, and Effect of Findings); 15.07 (Substantial Performance) (2011-2012 ed.) (modified from original).

{00062978.DOC}29

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 21**
**DAMAGES GENERALLY**

Deleted: 2

The general rule in civil cases is that substantial damages may only be compensatory in nature.

The principle underlying allowance of damages is to place the injured party in the same position so far as money can do it, as he or she would have been had there been no injury or breach of duty, that is, to compensate for the injury actually sustained.

The only elements of damages properly considered by you as the trier of facts are those that are both presented by the pleadings and supported by the evidence.

AUTHORITY:  NJI2d Civ. 1, 4, 2 and 3.

Formatted: Line spacing:  Double

{00062978.DOC}30

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

INSTRUCTION NO. 22

GENERAL INSTRUCTION ON DAMAGES
(DIGITAL'S CLAIM FOR BREACH OF CONTRACT PLA-2008)

If you find in favor of Digital on its claim of breach of warranty upon Contract PLA-2008, then you must determine the amount of Digital's damages.

As a general rule, one injured by a breach of contract is entitled to recover all of his damages, including gains prevented as well as losses sustained, provided they are reasonably certain and such as might naturally be expected to follow from the breach.

Digital is entitled to recover the following: the difference, at the time and place it received the 1,000 DM-355 modules, between the value of the modules, as received, and the value they would have had if they had been as warranted; and

If you find in favor of Digital upon Contract PLA-2008 but do not find any actual damage, then you may award Digital no more than a nominal sum.

AUTHORITY:  1 Neb. Prac., NJI2d Civ. 4.54 Comment & Authorities, p. 2 (2011-2012 ed.) (modified from original); Neb. Rev. Stat. UCC § 2-714 and 2-715; 1 Neb. Prac., NJI2d Civ. 4.40 (General Instruction on Damages for Breach of Contract) (2011-2012 ed.) (modified from original); *Phipps v. Skyview Farms*, 259 Neb. 492, 503, 610 N.W.2d 723, 733 (2000); *Wells Fargo Alarm Servs. V. Knox-Crete Chem., Inc.*, 229 Neb. 43, 46, 424 N.W.2d 885, 888 (1988); *Chadd v. Midwest Franchise Corp.*, 226 Neb. 502, 509, 412 N.W.2d 453, 458 (1987); Document No. 194, pp. 61-63 (holding that Digital is not entitled to incidental or consequential damages).

**Deleted:** INSTRUCTION NO. 23¶ MITIGATION OF DAMAGES¶
¶
. If you assess damages, then you must consider Digital's claims that Z3 failed to take reasonable steps to minimize its damages. Digital is not liable for any damages that could have been prevented if Z3 had done so. Digital has the burden of proving that Z3 failed to take reasonable steps to minimize its damage.¶
AUTHORITY: NJI2d Civ. 4.70 Mitigation of Damages.¶
---------- Page Break ----------

**Deleted:** 3

**Deleted:** 4

**Formatted:** Normal, Line spacing: Double,  No bullets or numbering

**Deleted:** ¶
T

**Deleted:** <#>Incidental damages resulting from Z3's breach of warranty including expenses reasonably incurred in the inspection, receipt, transportation and care and custody of the modules; and¶
<#>Consequential damages resulting from Z3's breach including any loss resulting from Digital's general or particular requirements and needs for the DM-355 modules which Z3, at the time of contracting, had reason to know which could not reasonably be prevented by Digital.¶

**Deleted:** NJI2d Civ.

**Formatted:** Line spacing: Double

**Deleted:** NJI2d Civ.

**Deleted:** and that "Digital's damages, if any, from Z3's purported breach of PLA-2008 are limited to $140,000").

{00062978.DOC}31

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 23**
**GENERAL INSTRUCTION ON DAMAGES**
**Z³'S CLAIM FOR BREACH OF CONTRACT PLA-2009—SPECIAL DAMAGES)**

Because the Court has found that Digital breached contract PLA-2009, $Z^3$ is entitled under the law to a judgment for damages against Digital. The Court has already determined, as a matter of law, that $Z^3$ is entitled to $175,000 for Digital's failure to pay engineering fees under the contract, and $270,000 for Digital's failure to pay royalties under the contract.

You must determine the amount of $Z^3$'s additional special damages to compensate it for Digital's breach of PLA-2009. $Z^3$ is entitled to recover special damages if it proves that such damages were proximately caused by the breach and that, at the time the contract was entered into, these damages were a foreseeable result of a breach of this nature. Damages are foreseeable when they are the kind that would ordinarily follow such a breach or when Digital either knew, or should have known, that such damages were likely to result from such a breach.

$Z^3$ is entitled to recover the following:

1. The profit, including reasonable overhead, it would have made if Digital had not breached the contract,

2. Plus any costs reasonably incurred in the performance of the contract before the breach,

3. Plus any expenses $Z^3$ reasonably incurred as a result of the breach.

If you do not find any actual damage, then you may award $Z^3$ no more than a nominal sum.

AUTHORITY: 1 Neb. Prac., NJI2d Civ. 4.40 and cmt. (General Instruction on Damages for Breach of Contract); 4.53(C) and cmt. (Seller's Damages for Buyer's Breach of Contract to

{00062978.DOC}32

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

Purchase); 4.59 (Actual, Consequential or Speical Damage) (2011-2012 ed.) (modified from original); Restatement (Second) of Contracts § 349 at 124 (1981) (reliance damages).

Deleted: and cmt.

Deleted: *El Fredo Pizza, Inc. v. Roto-Flex Oven Co.*, 261 N.W.2d 358, 363-64 (1978) (lost profits);

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 24**
**GENERAL INSTRUCTION ON DAMAGES**
**($Z^3$'S CLAIM FOR BREACH OF CONTRACT PLA-2008)**

If you find in favor of $Z^3$ on its claim that Digital breached contract PLA-2008, then you

must determine the amount of $Z^3$'s damages.

As a general rule, one injured by a breach of contract is entitled to recover all of his

damages, including gains prevented as well as losses sustained, provided they are reasonably

certain and such as might naturally be expected to follow from the breach.

For damages for Digital's breach of contract PLA-2008, $Z^3$ is entitled to recover the

following:

1. The contract price for fees and software.

2. Plus any expenses $Z^3$ reasonably incurred as a result of Digital's breach.

3. Minus any payments already made by Digital.

4. Minus any expenses $Z^3$ saved as a result of the breach.

If you find in favor of $Z^3$ upon contract PLA-2008 but do not find any actual damage,

then you may award $Z^3$ no more than a nominal sum.

AUTHORITY: 1 Neb. Prac., NJI2d Civ. 4.40 and cmt. (General Instruction on Damages for

Breach of Contract); 4.53 and cmt. (Seller's Damages for Buyer's Breach of Contract to

Purchase) (2011-2012 ed.) (modified from original).

{00062978.DOC}34

---

Sidebar markup notes:

Deleted: 5
Deleted: 5
Deleted: 3
Deleted: 3
Deleted: C
Deleted: 3

Deleted: Z3 is entitled to recover the following:
Deleted: 3

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after: 0" + Indent at: 0.75"
Deleted: ;
Deleted: Costs and
Deleted: 3
Deleted: ;
Deleted: expenses Z3 reasonably incurred as a result of Digital's breach
Deleted: ;
Deleted: amounts paid by Digital under Contract PLA-2008
Deleted: 3
Deleted: 3
Deleted: C
Deleted: 3
Formatted: Line spacing: Double
Formatted: Centered

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

## INSTRUCTION NO. 25
## MITIGATION OF DAMAGES

If you assess damages in favor of Digital against $Z^3$ on Digital's claim under contract PLA-2008, then you must consider $Z^3$'s claim that Digital failed to take reasonable steps to minimize its damages. $Z^3$ is not liable for any damages that could have been prevented if Digital had done so. $Z^3$ has the burden of proving that Digital failed to take reasonable steps to minimize its damages.

Likewise, if you assess damages in favor of $Z^3$ against Digital on $Z^3$'s claim under contract PLA-2009, then you must consider Digital's claim that $Z^3$ failed to take reasonable steps to minimize its damages. Digital is not liable for any damages that could have been prevented if $Z^3$ had done so. Digital has the burden of proving that $Z^3$ failed to take reasonable steps to minimize its damages.

AUTHORITY: 1 Neb. Prac., NJI2d Civ. 4.70 (Mitigation of Damages) (2011-2012 ed.) (modified from original).

Deleted: 6

Formatted: Font: Not Bold

Deleted: 3

Formatted: Left, Indent: First line: 0.5", Line spacing: Double

Deleted: 3

Deleted: 3

Deleted: 3

Deleted: 3

Deleted: 3

Deleted: 3

Deleted: 3

Deleted: 3

Formatted: Left, Line spacing: Double

Deleted: AUTHORITY: NJI2d Civ. 4.40 General Instruction on Damages for Breach of Contract; Phipps v. Skyview Farms, 259 Neb. 492, 503, 610 N.W.2d 723, 733 (2000); Wells Fargo Alarm Servs. V. Knox-Crete Chem., Inc., 229 Neb. 43, 46, 424 N.W.2d 885, 888 (1988); Chadd v. Midwest Franchise Corp., 226 Neb. 502, 509, 412 N.W.2d 453, 458 (1987).

Formatted: Font: Bold, No underline

Formatted: Font: Bold

Formatted: Font: Bold, Not Italic

Formatted: Font: Bold

Formatted: Font: Bold, Not Italic

Formatted: Font: Bold

Formatted: Font: Bold, Not Italic

Formatted: Font: Bold

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

## THE FINAL INSTRUCTIONS GIVEN FOLLOWING CLOSING ARGUMENTS

Deleted: INSTRUCTION NO. 26¶
GENERAL INSTRUCTION ON
DAMAGES¶
(Z3'S CLAIM FOR BREACH OF
CONTRACT PLA-2009)¶
¶
. If you find in favor of Z3 on its claim
of breach of Contract PLA-2009, then
you must determine the amount of Z3's
damages.¶
. As a general rule, one injured by a
breach of contract is entitled to recover
all of his damages, including gains
prevented as well as losses sustained,
provided they are reasonably certain and
such as might naturally be expected to
follow from the breach.¶
Z3 is entitled to be put in as good a
position as it would have been had
Contract PLA-2009 not been breached.
The general rule is that Z3 is entitled to
recover the following:¶
<#>The market price of the DM-365
modules at the time and place that Z3 was
to fulfill its part of the contract;¶
<#>Plus any expenses Z3 reasonably
incurred as a result of the breach;¶
<#>Minus any amounts paid by Digital
under Contract PLA-2009;¶
<#>Minus any expenses that Z3 saved as
a result of the breach of Contract PLA-
2009.¶
However, if you find that this amount of
money is not adequate to put Z3 in as
good a position as it would have been had
Contract PLA-2009 not been breached,
then Z3 is entitled to the following:¶
<#>The profit it would have made if
Digital had not breached the contract;¶
<#>Plus any costs reasonably incurred in
the performance of the contract before the
breach;¶
<#>Plus any expenses Z3 reasonably
incurred as a result of the breach;¶
<#>Minus any amounts paid by Digital
under Contract PLA-2009;¶
<#>Minus any expenses that Z3 saved as
a result of Digital's breach.¶
. If you find in favor of Z3 upon Contract
PLA-2009 but do not find any actual
damage, then you may award Z3 no more
than a nominal sum. ¶
AUTHORITY: NJI2d Civ. 4.40 General
Instruction on Damages for Breach of
Contract; *Phipps v. Skyview Farms*, 259
Neb. 492, 505, 610 N.W.2d 723, 733
(2000); *Wells Fargo Alarm Servs. V.
Knox-Crete Chem., Inc.*, 229 Neb. 43, 46,
424 N.W.2d 885, 888 (1988); *Chadd v.
Midwest Franchise Corp.*, 226 Neb. 502,
509, 412 N.W.2d 453, 458 (1987).¶
- - - - - - - - - - -Page Break- - - - - - - - - - -
INSTRUCTION NO. 27¶
LOSS OF PROFITS – DIGITAL
BREACH OF CONTRACT PLA [ ... [9]

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 26**
**REACHING A DECISION**

Deleted: 7
Deleted: 9

This is an important case. If you should fail to reach a decision, the case is left open and undecided. Like all cases, it must be decided sometime. There is no reason to believe that the case can be tried again any better or more exhaustively than it has been, There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

Also there is no reason to believe that the case would ever be submitted to people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

This does mean that you should give respectful consideration to each other's views and talk over any differences of opinion in a spirit of fairness and candor. If at all possible, you should resolve any differences and come to a common conclusion so that this case may be completed.

<u>AUTHORITY</u>: Standardized General Final Jury Instructions in Civil Cases (Judge Murguia).

{00062978.DOC}37

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

**INSTRUCTION NO. 27**
**DELIBERATION AND VERDICT**

Deleted: 8
Deleted: 30

When you retire to the jury room, you will first select one of your members to preside over your deliberations, speak for the jury in court and sign the verdict upon which you agree.

In this case your verdict will be returned in the form of written answers to special written questions submitted by the court. Your answers will constitute your verdict. Your answers to the questions must be unanimous. Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions.

Deleted: ,

It is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges -- judges of the facts.

<u>AUTHORITY</u>:  Standardized General Final Jury Instructions in Civil Cases (Judge Murguia).

{00062978.DOC}38

Digital Ally v. Z3 Technology
Joint Submission 6/6/2012

## INSTRUCTION NO. 28
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person how the jury stands — numerically or otherwise — on the question before you, until after you have reached a unanimous verdict.

You may now retire and conduct your deliberations in such manner as may be determined by your good judgment as reasonable people.

AUTHORITY:  Standardized General Final Jury Instructions in Civil Cases (Judge Murguia).

Deleted: 9

Deleted: 31

Deleted: {00062978.DOC}

Formatted: Left

{00062978.DOC}

## A.    ISSUES

Z3 asserted claims against Digital for breach both of Contract PLA-2008 and Contract PLA-2009.  Turning first to Contract PLA-2009, Z3 claims that on January 2, 2009, it and Digital entered into Contract PLA-2009.  Z3 claims that under the terms of Contract PLA-2009, Z3 agreed to design and manufacture a circuit board for Digital known as the DM-365 module; that Digital agreed to purchase 3,050 of these DM-365 modules from Z3 for the sum of $310,000.00; that Digital agreed to give Z3 a "first opportunity" to manufacture and sell a further 36,000 DM-365 modules to Digital over the succeeding three (3) year period at a rate of 12,000 modules per year at an initial price of $100.00 per module and thereafter at a price to be agreed upon periodically by and between Z3 and Digital; that as an alternative to the actual manufacture and sale of these 36,000 DM-365 modules by Z3, and in the event that Z3 could not provide on-time delivery or a price and quality acceptable to Digital, or in the event Z3 was not willing to produce those 36,000 DM-365 modules, Digital had the "right to use alternative manufacturing" and, in other words, to obtain the DM-365 modules from another source; that in the event Digital did use "alternative manufacturing", Digital was to pay a "royalty" of $7.50 per unit to Z3 on modules "actually **SOLD BY**" Digital but "not manufactured by Z3"; and in addition to agreeing to buy these modules, Digital agreed to pay a "fee" to Z3 in the sum of $100,000 and that Digital agreed to pay an "exclusivity fee" to Z3 in the sum of $200,000.

Z3 claims that Digital breached Contract PLA-2009 by failing to place the initial order for 3,050 DM-365 modules at a cost of $310,000; by failing to purchase a further 36,000 modules during the three (3) years from and after January 1, 2009 at a cost of

$3,600,000 or; alternatively, by failing to pay it the sum of $270,000 in royalties upon each DM-365 module "actually **SOLD BY**" Digital but "not manufactured by Z3"; and by failing to pay Z3 the sum of $175,000 representing the balance of the $300,000 in fees.

Z3 also claims that it was damaged as a result of this breach of Contract PLA-2009 and it seeks a judgment against Digital for these damages.

Digital admits that:

Digital was a customer of Z3;

Digital's former Vice President of Engineering, Mr. Robert Haler, signed Contract PLA-2009;

Digital made two fee payments to Z3 totaling $125,000 in January and February, 2009;

That Digital made no other payments to Z3 under Contract PLA-2009;

That no DM-365 model production units were ever delivered by Z3 to Digital;

That Digital did not place any orders with any supplier for the purchase of DM-365 modules;

That Digital did not pay any royalty to Z3;

That on April 10, 2009, Digital sent Z3 a letter purporting to terminate Contract PLA-2009; and

That Haler's employment at Digital ended effective April 24, 2009.

Digital denies that it actually entered into and became bound under Contract PLA-2009 given that its written corporate policy required that a contract of the type and amount represented by Contract PLA-2009, executed not only by Bob Haler but by Digital's President and Chief Executive Officer, Stan Ross; and that the execution of the contract by Haler alone was not sufficient to bind Digital; Digital denies that Z3 actually possessed the design, engineering, technical and manufacturing knowledge, skill and

ability to design and manufacture thousands of DM-365 modules for Digital efficiently and economically and denies that Z3 had the ability to make timely deliveries of the DM-365 modules in the quantities and of the quality required to support the manufacture of Digital's products.

Digital denies that it received from Z3 any of the hardware or software specified in and under Contract PLA-2009 and asserts that any duty to pay for these things was never triggered.

In connection with Contract PLA-2009, the court has determined as a matter of law that the following facts exist and you must accept them as true:

Contract PLA-2009 is not ambiguous;

Digital could discharge any obligation to purchase 36,000 DM-365 modules from Z3 by paying Z3 a royalty of $7.50 per unit on modules "actually **SOLD BY**" Digital in its own products and "not manufactured by Z3".

Z3 also claims that Digital breached the prior contract, Contract PLA-2008, because it failed to pay Z3 the sum of $15,000 in fees that Z3 says remains due and payable thereunder.

Z3 claims that it has been damaged in the amount of $15,000 as a result of this breach of Contract PLA-2008 and it seeks a judgment against Digital for these damages.

## B.   BURDEN OF PROOF

Before Z3 can recover against Digital on its claim that Digital breached Contract PLA-2009, Z3 must prove by the greater weight of the evidence each and all of the following:

That Z3 and Digital entered into Contract PLA-2009;

The terms of Contract PLA-2009;

That Digital breached Contract PLA-2009 in one or more of the ways claimed by Z3;

That Z3 substantially performed its obligations under Contract PLA-2009;

That, if there was a condition that had to occur before Digital's performance under the contract became due, either that condition occurred or its non-occurrence was excused by Digital;

That this breach of Contract PLA-2009 was a proximate cause of some damage to Z3; and

The nature and extent of that damage.

Before Z3 can recover against Digital on its claim that Digital breached Contract PLA-2008 by failing to pay Z3 a further $15,000 in fees, Z3 must prove, by the greater weight of the evidence, each and all of the following:

That Z3 and Digital entered into Contract PLA-2008;

The terms of Contract PLA-2008;

That Digital breached Contract PLA-2008 in one or more of the ways claimed by Z3;

That Z3 substantially performed its obligations under Contract PLA-2008;

That, if there was a condition that had to occur before Digital's performance under the contract became due, either that condition occurred or its non-occurrence was excused by Digital;

That this breach of Contract PLA-2008 was a proximate cause of some damage to Z3; and

The nature and extent of that damage.

## C.     EFFECT OF FINDINGS – CONTRACT PLA-2008

If Z3 has *not* met this burden of proof with respect to Contract PLA-2008, then your verdict must be for Digital.

On the other hand, if Z3 *has* met this burden of proof, then you must consider the following affirmative defenses raised by Digital:

That Z3's claims are barred, in their entirety, by its failure to mitigate damages.

That Z3's claims are barred for lack of a meeting of minds sufficient to result in the formation of the contract or contracts which Z3 proposes to enforce.

That Z3's claims are barred for the reason that the contract or contracts which Z3 seeks to enforce and/or the purported limitations on rights and remedies appearing therein including, inter alia, warranties are unconscionable.

That Z3's claims are barred by illegality and/or want of authority of the person or persons purporting to contract on behalf of Digital.

That Z3's claims with respect to Contract PLA-2009 are barred as a result of its inability to prove that all conditions precedent to the enforcement of such contract and/or to Digital's alleged duties of performance thereunder have been satisfied including the condition that Digital actually use software, hardware and/or intellectual property sold or provided to it by Z3 thereunder.

That Z3's claims with respect to Contract PLA-2009 are barred as a result of its inability to satisfy its burden to prove that all conditions precedent to the enforcement of such contract and/or to Digital's alleged duties of performance thereunder have been satisfied including, inter alia, proof that Digital actually purchased or obtained from another supplier or vendor "DM365 Modules" of the kind, type and design allegedly to be sold and provided to Digital by Z3 thereunder.

**D.     EFFECT OF FINDINGS – CONTRACT PLA-2009**

**If Z3 has *not* met this burden of proof, then your verdict must be for Digital.**

**On the other hand, if Z3 *has* met their burden of proof, then your verdict must be for Z3.**

**DIGITAL'S DEFENSES TO CONTRACT PLA-2009**

**MITIGATION OF DAMAGES**

If you assess damages in favor of Z3 upon Contract PLA-2009, then you must consider Digital's claim that Z3 failed to take reasonable steps to minimize its damages. Digital is not liable for any damages that could have been prevented if Z3 had done so. Digital has the burden of proving that Z3 failed to take reasonable steps to minimize its damages.

---

Page 27: [2] Deleted                    jdk1                    6/4/2012 7:26:00 PM
AUTHORITY:  NJI2d Civ. 4.70

| Page 27: [3] Formatted | jdk1 | 6/4/2012 7:28:00 PM |
|---|---|---|

Indent: First line: 0.5", Line spacing: Double

| Page 28: [4] Deleted | jdk1 | 6/4/2012 7:27:00 PM |
|---|---|---|

## UNCONSCIONABILITY

Your verdict must be for Digital upon Z3's claim that Digital breached Contract PLA-2009 if you find that Digital has satisfied its burden of proving, by the greater weight of the evidence, that Contract PLA-2009 was either unjust, unconscionable or illegal.

The term "unconscionable" means manifestly unfair or inequitable. An unconscionable contract is defined as an agreement that no promisor with any sense and not under a delusion would make and that no honest and fair promisee would accept.

Unconscionability is determined in light of all the surrounding circumstances including (1) the manner in which the parties entered into the contract; (2) whether the parties had a reasonable opportunity to understand the terms of the contract; and (3) whether the important terms were hidden in a maze of fine print.

AUTHORITY: NJI2d Civ. 15.26 and 15.01, Comment II, Public Policy, p. 6

## NON-OCCURRENCE OF CONDITIONS PRECEDENT

Your verdict must be for Digital upon Z3's claim that Digital breached Contract PLA-2009 if you find that Digital has satisfied its burden of proving, by the greater weight of the evidence, that there were one or more conditions that had to occur before Digital's performance under Contract PLA-2009 became due; that one or more of these conditions did not occur; and that Digital did not excuse the fact that it or they did not occur.

AUTHORITY:  NJI2d Civ. 15.01 VII, Part I(b)(3) of the Instruction b, Condition

Precedent, p. 14.

| Page 28: [5] Formatted | jdk1 | 6/4/2012 7:31:00 PM |
|---|---|---|

Line spacing:  Double, Bulleted + Level: 1 + Aligned at:  0.25" + Tab after:  0.5" +
Indent at:  0.5"

| Page 28: [6] Formatted | jdk1 | 6/4/2012 7:33:00 PM |
|---|---|---|

Line spacing:  Double, Outline numbered + Level: 2 + Numbering Style: A, B, C, … +
Start at: 1 + Alignment: Left + Aligned at:  0.5" + Tab after:  1" + Indent at:  1"

| Page 28: [7] Formatted | jdk1 | 6/4/2012 7:33:00 PM |
|---|---|---|

Indent: First line:  0.5", Line spacing:  Double, No bullets or numbering

| Page 28: [8] Formatted | jdk1 | 6/4/2012 7:34:00 PM |
|---|---|---|

Line spacing:  Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1
+ Alignment: Left + Aligned at:  1" + Tab after:  1.25" + Indent at:  1.25"

| Page 36: [9] Deleted | jdk1 | 6/5/2012 11:32:00 AM |
|---|---|---|

## INSTRUCTION NO. 26
## GENERAL INSTRUCTION ON DAMAGES
## (Z3'S CLAIM FOR BREACH OF CONTRACT PLA-2009)

If you find in favor of Z3 on its claim of breach of Contract PLA-2009, then you

must determine the amount of Z3's damages.

As a general rule, one injured by a breach of contract is entitled to recover all of

his damages, including gains prevented as well as losses sustained, provided they are

reasonably certain and such as might naturally be expected to follow from the breach.

Z3 is entitled to be put in as good a position as it would have been had Contract PLA-

2009 not been breached.  The general rule is that Z3 is entitled to recover the following:

The market price of the DM-365 modules at the time and place that Z3 was to
fulfill its part of the contract;

Plus any expenses Z3 reasonably incurred as a result of the breach;

Minus any amounts paid by Digital under Contract PLA-2009;

Minus any expenses that Z3 saved as a result of the breach of Contract PLA-2009.

However, if you find that this amount of money is not adequate to put Z3 in as good a position as it would have been had Contract PLA-2009 not been breached, then Z3 is entitled to the following:

The profit it would have made if Digital had not breached the contract;

Plus any costs reasonably incurred in the performance of the contract before the breach;

Plus any expenses Z3 reasonably incurred as a result of the breach;

Minus any amounts paid by Digital under Contract PLA-2009;

Minus any expenses that Z3 saved as a result of Digital's breach.

If you find in favor of Z3 upon Contract PLA-2009 but do not find any actual damage, then you may award Z3 no more than a nominal sum.

AUTHORITY: NJI2d Civ. 4.40 General Instruction on Damages for Breach of Contract; *Phipps v. Skyview Farms*, 259 Neb. 492, 503, 610 N.W.2d 723, 733 (2000); *Wells Fargo Alarm Servs. V. Knox-Crete Chem., Inc.*, 229 Neb. 43, 46, 424 N.W.2d 885, 888 (1988); *Chadd v. Midwest Franchise Corp.*, 226 Neb. 502, 509, 412 N.W.2d 453, 458 (1987).

----------------------Page Break----------------------

## INSTRUCTION NO. 27

## LOSS OF PROFITS – DIGITAL BREACH OF CONTRACT PLA-2008

Digital is entitled to recover lost profits that it lost as a result of the breach of warranty expressed or implied in Contract PLA-2008 if it proves that such lost profits were proximately caused by the breach of warranty and that, when the contract was entered into, such lost profits were a foreseeable result of a breach of warranty. Damages are foreseeable when they are the kind that would ordinarily follow such a breach or when the seller, in this case Z3, either knew or should have known that such a breach of warranty would result in this sort of damage.

To recover lost profits, Digital must prove, by the greater weight of the evidence, that it is reasonably certain that such profits would have been realized and that such lost profits can be ascertained and measured from the evidence introduced with reasonable certainty and are not speculative, remote or imaginary.

AUTHORITY:    NJI2d Civ. 4.59 Damages for Breach of Contract – Actual, Consequential or Special Damage; § 4.59 Comment, p. 2-3; *El Fredo Pizza, Inc. v. Roto-Flex Oven Co.*, 199 Neb. 697, 704-06, 261 N.W.2d 358, 363-64 (1978).

--------------------------------------------Page Break--------------------------------------------

**INSTRUCTION NO. 28**
**LOSS OF PROFITS – Z3 BREACH OF CONTRACT PLA-2009**

Z3 is entitled to recover lost profits that it lost as a result of the breach of Contract PLA-2009 if it proves that such lost profits were proximately caused by the breach and that, when the contract was entered into, such lost profits were a foreseeable result of that breach.  Damages are foreseeable when they are the kind that would ordinarily follow such a breach or when the buyer, in this case Digital, either knew or should have known that a breach of Contract PLA-2009 would result in this sort of damage.

To recover lost profits, Z3 must prove, by the greater weight of the evidence, that it is reasonably certain that such profits would have been realized and that such lost profits can be ascertained and measured from the evidence introduced with reasonable certainty and are not speculative, remote or imaginary.

AUTHORITY:    NJI2d Civ. 4.59 Damages for Breach of Contract – Actual, Consequential or Special Damage; § 4.59 Comment, p. 2-3; *El Fredo Pizza, Inc. v. Roto-Flex Oven Co.*, 199 Neb. 697, 704-06, 261 N.W.2d 358, 363-64 (1978).

-------------------------Page Break-------------------------