**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DIGITAL ALLY, INC., ) | |
| ) | |
| Plaintiff and Counterdefendant, ) | |
| ) | |
| v.   ) | Case No. 09-2292-KGS |
| ) | |
| Z3 TECHNOLOGY, LLC, ) | |
| ) | |
| Defendant and Counterplaintiff. ) | |

**ORDER**

This matter comes before the Court upon $Z^3$ Technology, LLC's Motion *in Limine* to Bar Evidence and Argument Relating to the Settlement Agreement with Robert Haler and his Insurer (ECF No. 216). For the reasons explained below, the motion is granted.

On January 2, 2009, Digital and $Z^3$ entered into a contract entitled Software/Hardware Design and Production License Agreement ("PLA-2009"). Under PLA-2009, $Z^3$ agreed to design, manufacture, and deliver to Digital DM365 hardware modules and related software components. Robert Haler, Digital's former Executive Vice President of Engineering and Production, executed the contract on behalf of Digital.

On June 8, 2009, Digital filed this lawsuit. In Counts II and III of its complaint, Digital sought a declaration that PLA-2009 was rescinded and/or is void because Haler lacked authority to execute the contract.[1] On November 4, 2009, $Z^3$ filed a counterclaim asserting that Digital breached PLA-2009.

On December 9, 2009, $Z^3$ filed a third-party complaint against Haler.[2] $Z^3$'s third-party

---

[1] Compl., ECF No. 1.

[2] Third-Party Compl., ECF No. 75.

complaint had two counts. In Count I, $Z^3$ asserted that Haler warranted to $Z^3$ that he had authority to execute PLA-2009 on behalf of Digital and sought judgment against Haler for breach of contract if Digital successfully established that PLA-2009 was void for lack of authority. Thus, Count I of $Z^3$'s third-party complaint sought alternative relief to Count I of $Z^3$'s counterclaim against Digital: $Z^3$ sought breach-of-contract damages against Digital; but if PLA-2009 was determined to be void for lack of authority, $Z^3$ sought breach-of-contract damages against Haler personally.

In Count II of its third-party complaint, $Z^3$ asserted a tort claim of negligence against Haler. $Z^3$ asserted that Haler (1) negligently failed to comply with Digital's Signature Authorities Policy; (2) negligently represented to $Z^3$ that he had authority to bind Digital to the contract by his signature; and/or (3) negligently led $Z^3$ to believe, by his words and/or actions, that he had authority to bind Digital to the contract by his signature. In this claim, $Z^3$ sought attorneys' fees and expenses and other damages from Haler's alleged negligence.

In May 2011, Haler and $Z^3$ settled $Z^3$ claims. In the current motion, $Z^3$ asks the Court to bar any evidence or argument at trial relating to the settlement between $Z^3$ and Haler. $Z^3$ argues that evidence relating to the settlement should be barred because (1) Digital never pled any setoff or other theory relating to this settlement and (2) the settlement is irrelevant under Fed. R. Evid. 401.

Fed. R. Civ. P. 8(c) states that in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. Rule 8 enumerates some, but not all, affirmative defenses, including accord and satisfaction and payment. A setoff based upon a settlement with a third-party is also an affirmative defense.[3]

---

[3] *Roberts v. Korn*, 420 F. Supp. 2d 1196, 1199 (D. Kan. 2006) (contentions that plaintiff had been fully compensated by other defendants is an affirmative defense); *Joseph V. Edeskuty & Assocs. v. Jacksonville Kraft Paper Co.*, 702 F. Supp. 741, 749 (D. Minn. 1988) (setoff is an affirmative defense).

The Court entered a final pretrial order in this case on May 9, 2011. A pretrial order supercedes the pleadings and controls the subsequent course of litigation.[4] Failure to preserve an affirmative defense in the final pretrial order is considered a waiver of the defense.[5]

Digital argues that it preserved the issue of setoff in the Court's final pretrial order. In the pretrial order, Digital included the following defense, "$Z^3$'s claims are barred, in their entirety, by its own prior and supervening breaches of contract and by Digital's rights of setoff and/or recoupment."[6]

The Court interprets this sentence to mean that Digital was seeking to setoff any damages that Digital incurred as a result of $Z^3$'s purported breach of the contracts. The Court does not believe that this sentence is broad enough to include a setoff from any potential settlement between $Z^3$ and Haler. Further, there are no essential elements listed for setoff as an affirmative defense. There is no reference to a setoff from a potential settlement with Haler in any other portion of the final pretrial order, including the legal or factual issues that needed to be resolved.

The Court recognizes that the final pretrial order was entered on May 9, 2011, before any settlement with Haler was completed. However, Digital was on notice as of June 22, 2011 that Haler and $Z^3$ had reached a settlement.[7] Digital never moved for an order amending the final pretrial

---

[4] *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1267 (10th Cir. 2007); *Hullman v. Bd. of Trustees of Pratt Cmty. Coll.*, 950 F.2d 665, 667 (10th Cir. 1991).

[5] *Kay-Cee Enters., Inc. v. Amoco Oil Co.*, 45 F. Supp. 2d 840, 846 (D. Kan. 1999) (defendant waived affirmative defense by failing to preserve issue in pretrial order and failing to timely seek amendment); *see also Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) ("The general rule is that a party waives its right to raise an affirmative defense at trial when the party fails to raise the defense in its pleadings."); *Roberts*, 420 F. Supp. 2d at 1199 (defendant waived affirmative defense by failing to raise it until after trial was concluded).

[6] Pretrial Order at 20, ECF No. 148.

[7] Joint Mot. to Dismiss Third-Party Action Pursuant to Settlement by Third Party Def. Robert Haler, ECF No. 164.

order to include setoff from the settlement with Haler as an affirmative defense.

Accordingly, the Court concludes that the affirmative defense of setoff as it pertains to the settlement agreement between $Z^3$ and Haler has been waived.

Even if the Court did not find waiver, the Court would still bar evidence of the settlement agreement as irrelevant.

Digital cites Nebraska and Kansas law to support its argument that it is entitled to a full dollar-for-dollar setoff for everything paid to settle $Z^3$'s claims against Haler. The Court does not need to decide whether Nebraska or Kansas law applies to this issue because the law appears to be the same in both jurisdictions.

As summarized by the Kansas Supreme Court,

> Kansas has not varied from a rule that limits a plaintiff to only one recovery for a wrong. This rule has been applied throughout the years in situations where partial payments have been made by multiple tortfeasors. A pro tanto credit has been granted to prevent a plaintiff from receiving a double recovery.[8]

In other words, under the "one satisfaction rule," when the conduct of multiple defendants results in a single injury with common damages, and one of the defendants settles with the plaintiff, the amount of the settlement is credited against the amount that may be recovered from the non-settling defendants.[9]

Similarly, in Nebraska, "a party may not have double recovery for a single injury, or be made 'more than whole' by compensation which exceeds the actual damages sustained. . . . Where several claims are asserted against several parties for redress of the same injury, only one satisfaction can

---

[8] *York v. InTrust Bank, N.A.*, 962 P.2d 405, 432 (Kan. 1998).

[9] *See Hess Oil Virgin Islands Corp. v. UOP, Inc.*, 861 F.2d 1197, 1208 (10th Cir. 1988).

be had."[10]

The question for the Court is whether the settlement agreement between Haler and $Z^3$ related to the same damages that $Z^3$ seeks against Digital.[11] In determining whether the settlement and the judgment represent common damages, courts may look to the text of the settlement agreement.[12]

In its third-party complaint, $Z^3$ sought damages against Haler on two claims: (1) breach of contract; and (2) negligence. As an element of its damages, $Z^3$ sought to recover its costs and attorney's fees and expenses. More specifically, $Z^3$ contended that Haler's negligent failure to comply with Digital's Signature Authorities Policy caused $Z^3$ to incur extensive attorney's fees and expenses in litigating Digital's suit to declare PLA-2009 void.

In both Nebraska and Missouri, a plaintiff may recover his attorneys' fees and expenses as a result of litigation with a separate party caused by a defendant's tort.[13] As the Restatement (Second) of Torts explains, "One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for . . . attorney fees . . ."[14]

Here, the settlement agreement between $Z^3$ and Haler explains that $Z^3$ incurred attorneys'

---

[10] *Vowers & Sons, Inc. v. Strasheim*, 576 N.W.2d 817, 825 (Neb. 1998).

[11] *See Hess Oil Virgin Islands Corp.*, 861 F.2d at 1208.

[12] *See id.*; *Friedland v. TIC - The Industrial Co.*, 566 F.3d 1203, 1210–11 (10th Cir. 2009).

[13] *Woollen v. State*, 593 N.W.2d 729, 744 (Neb. 1999) (relying on the Restatement (Second) of Torts and concluding that plaintiff's attorney's fees for defending a suit occasioned by defendant's tort are compensable damages); *St. Louis Cnty. v. Taylor-Morley, Inc.*, 923 S.W.2d 507, 512 (Mo. Ct. App. 1996) (recognizing collateral litigation exception to American Rule barring recovery of attorney fees in tort cases); *see also Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 391 F.3d 936, 944–45 (8th Cir. 2004) (recognizing the availability of attorney fees as an element of damages for certain tort actions in Missouri).

[14] Restatement (Second) of Torts § 914.

fees and expenses in litigating Digital's claims against $Z^3$.[15] The settlement agreement further provides that Haler would deliver $137,500 in payment of $Z^3$'s "Attorneys Fee Damages" and that $Z^3$ would receive no payment under the agreement for its contract damages against Digital. Thus, the settlement payment to $Z^3$ was to compensate it solely for its attorney fees, and $Z^3$ received nothing in settlement for its breach-of-contract damages.[16]

$Z^3$ does not claim attorney's fees from Digital as a result of Digital's breach of PLA-2009. Rather, $Z^3$ seeks damages to put it into the same position had the contract been performed. As a result, the Court determines that the settlement agreement with Haler compensated $Z^3$ for different damages than those claimed from Digital for Digital's breach of contract.

Digital also argues that the settlement agreement is relevant to the credibility of Haler and $Z^3$'s officers. In support of this, Digital cites various cases from this District in which judges have granted a motion to compel the production of a settlement agreement because it could be relevant to bias.[17] But the Tenth Circuit has explained that "relevant" for Rule 26 purposes does not necessarily have the same meaning as that applied by the Federal Rules of Evidence.[18] "[T]he standard for determining whether information is relevant for purposes of pretrial discovery is substantially broader than the standard for relevance during trial."[19] The Court has reviewed the

---

[15] Settlement and Release Agreement, ECF No. 216.

[16] *Cf. Friedland v. TIC - The Industrial Co.*, 566 F.3d 1203, 1210–11 (10th Cir. 2009) (concluding in part that the settlement agreement compensated plaintiff for the same damages because the settlement agreement did not allocate the damages).

[17] *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB, 2007 WL 1246216, at *4 (D. Kan. Apr. 27, 2007): *Ramirez v. Nabil's, Inc.*, No. 94-32396-GTV, 1995 WL 609415, at *2 (D. Kan. Oct. 5, 1995).

[18] *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009).

[19] *Id.* (internal citations and quotations omitted).

settlement agreement between $Z^3$ and Haler and does not believe that it is relevant to the credibility of any witnesses, and Digital does not offer any explanation. For example, there is no showing that Haler has a financial interest in the outcome of the litigation between Digital and $Z^3$ or how Digital would use the agreement to impeach any witnesses. Accordingly, the Court concludes that the settlement agreement between Haler and $Z^3$ is not relevant.

Moreover, even assuming that the agreement were relevant, the Court believes that any probative value is minimal and would be substantially outweighed by the danger of unfair prejudice – specifically that the jury might reduce the amount of damages based upon the existence of a settlement agreement.[20]

Accordingly,

$Z^3$ Technology, LLC's Motion *in Limine* to Bar Evidence and Argument Relating to the Settlement Agreement with Robert Haler and his Insurer (ECF No. 216) is hereby granted.

**IT IS SO ORDERED**.

Dated this 21st day of June, 2012 at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[20] *See* Fed. R. Evid. 403; *see also Weir v. Fed. Ins. Co.*, 811 F.2d 1387, 1395 (10th Cir. 1987).