**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DIGITAL ALLY, INC., ) | |
| ) | |
| Plaintiff and Counterdefendant, ) | |
| ) | |
| v. ) | Case No. 09-2292-KGS |
| ) | |
| Z3 TECHNOLOGY, LLC, ) | |
| ) | |
| Defendant and Counterplaintiff. ) | |

**ORDER**

This matter comes before the Court upon $Z^3$ Technology, LLC's Motion *in Limine* to Bar Evidence and Argument Relating to the Signature Authorities Policy (ECF No. 214). For the reasons explained below, the motion is granted.

On January 2, 2009, Digital and $Z^3$ entered into a contract entitled Software/Hardware Design and Production License Agreement ("PLA-2009"). Under PLA-2009, $Z^3$ agreed to design, manufacture, and deliver to Digital DM365 hardware modules and related software components. PLA-2009 was signed by Robert Haler, Digital's former Vice President of Engineering and Production.

On June 8, 2009, Digital filed this lawsuit. In Counts II and III of its complaint, Digital sought a declaration that PLA-2009 was rescinded and/or is void because Haler lacked authority to execute the contract.[1] On November 4, 2009, $Z^3$ filed a counterclaim against Digital.[2] In Count I, $Z^3$ asserted that Digital breached PLA-2009.

On June 2, 2011, $Z^3$ moved for summary judgment against Digital on Count I of $Z^3$'s

---

[1] Compl., ECF No. 1.

[2] Am. Countercl., ECF No. 62.

Counterclaim.[3]  Z[3] argued that PLA-2009 was a valid and enforceable contract and that Digital had breached PLA-2009.  One of the defenses raised by Digital to PLA-2009 was that Haler did not have authority to execute PLA-2009 under a Signature Authorities Policy adopted by Digital.

In its Order ruling upon Z[3]'s motion for summary judgment, the Court held that there was a dispute of fact as to whether the Signature Authorities Policy was effective to limit Haler's authority.  Notwithstanding the Signature Authorities Policy, the Court determined that Haler had apparent authority to execute PLA-2009 on behalf of Digital.  As a result, the Court held that PLA-2009 was a valid and enforceable contract.  In the current motion, Z[3] seeks an order barring Digital from introducing any testimony or evidence relating to Digital's Signature Authorities Policy as irrelevant under Fed. R. Civ. P. 401.

Digital opposes the motion because it contends that PLA-2009 is unconscionable and that Digital's Signature Authorities Policy is relevant to this defense.  Digital further contends that it is entitled to raise the defense of unconscionability at trial because it has been the subject of no dispositive motion and no court order has disposed of it.

The Eleventh Circuit faced a similar circumstance in *Johnson v. Board of Regents of the University of Georgia.*[4]  In that case, plaintiffs challenged the University of Georgia's freshman admissions policy as violating the Equal Protection Clause of the U.S. Constitution.[5]  The district court granted summary judgment in favor of plaintiffs but declined to enter a prospective injunction forbidding the University from considering race or gender in the admissions process, and the parties

---

[3] Mot. for Summ. J., ECF No. 152.

[4] *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234 (11th Cir. 2001).

[5] *Id.* at 1237–38.

filed cross-appeals.[6]

On appeal, certain intervenors raised a new argument in defense of the constitutionality of the admissions policy.[7] The Eleventh Circuit rejected the intervenors argument in part because the intervenors had not advanced the argument "in any meaningful way at the time of summary judgment."[8] The intervenors attempted to avoid that fact by insisting that because "[n]o party sought summary judgment disposition of this issue . . . this important defense remained for resolution at trial after the district court resolved the summary judgment motions."[9]  In rejecting this argument, the Eleventh Circuit emphasized that the plaintiffs had moved for final summary judgment – not partial summary – on the issue of whether the policy could be justified in the name of student body diversity.[10]  As a result, "it became incumbent upon the Intervenors to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in Plaintiffs' favor."[11]

The rationale of *Johnson* applies to this case as well. $Z^3$ moved for final summary judgment on Count I of its Counterclaim – $Z^3$ argued that PLA-2009 was a valid and enforceable agreement, that there were no unfilled conditions precedent, that Digital breached the agreement, and that $Z^3$ suffered damages as result of Digital's breach.  The Court granted, in part, summary judgment

---

[6] *Id.* at 1237.

[7] *Id.* at 1264.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

against Digital on Count I of $Z^3$'s Counterclaim and found that $Z^3$ was entitled to $445,000 in damages from Digital.[12] If Digital contended that unconscionability was a defense to entering judgment against it for breach of contract, it should have raised the issue in response to $Z^3$'s motion for summary judgment.[13]

Further, under Nebraska law, the unconscionability of a contract is question of law for the Court.[14] Digital has not explained why it is entitled to present evidence to the jury relating to the alleged unconscionability of PLA-2009. For the above reasons, the Court concludes that evidence relating to Digital's Signature Authorities Policy is irrelevant.

Accordingly,

**IT IS THEREFORE ORDERED** that $Z^3$ Technology, LLC's Motion *in Limine* to Bar Evidence and Argument Relating to the Signature Authorities Policy (ECF No. 214) is hereby granted.

**IT IS SO ORDERED**.

---

[12] The only portion left unresolved by the Court's order was whether $Z^3$ was entitled to additional damages from Digital's breach of PLA-2009.

[13] *See also Harper v. Delaware Valley Broadcasters, Inc.*, 743 F. Supp. 1076, 1090–91 (D. Del. 1990) (after neither party addressed defendant's affirmative defenses in summary judgment briefing, the court held that the burden is on defendant to adduce evidence supporting affirmative defense, not upon movant to negate its existence), *aff'd*, 932 F.2d 959 (3d Cir. 1991) (table); *Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 796 F. Supp. 1164, 1167 (S.D. Ind. 1992) ("A plaintiff moving for partial summary judgment on the issue of liability in a breach of contract claim initially must 'show' only that there is no genuine issue of fact regarding the liability elements of its claim. Just as a plaintiff need not disprove an affirmative defense in the plaintiff's initial portion of presenting evidence at trial, a plaintiff/movant need not anticipate and raise the non-movant's affirmative defenses."); *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (stating that a plaintiff moving for summary judgment is not obligated to negate affirmative defenses).

[14] *Myers v. Neb. Inv. Council*, 724 N.W.2d 776, 799 (Neb. 2006).

Dated this 21st day of June, 2012 at Topeka, Kansas.

<u>s/K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge
