**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DIGITAL ALLY, INC., ) | |
| ) | |
| Plaintiff and Counterdefendant, ) | |
| ) | |
| v. ) | Case No. 09-2292-KGS |
| ) | |
| Z3 TECHNOLOGY, LLC, ) | |
| ) | |
| Defendant and Counterplaintiff. ) | |

**ORDER**

This matter comes before the Court upon Digital Ally, Inc.'s First Through Sixth Motions *in Limine* (ECF No. 219).

In its first motion *in limine*, Digital Ally, Inc. ("Digital") moves for an order excluding any references to and any evidence relating to the furnishing of, offering or promise to furnish, the acceptance of, offering of and/or the promise to accept valuable consideration in compromise of a claim, defense or counterclaim within the meaning of Fed. R. Evid. 408. $Z^3$ Technology, LLC ($Z^3$) does not object to this motion. Accordingly, the Court grants Digital's first motion *in limine*.

In its second motion *in limine*, Digital seeks an order excluding all facts, references, evidence, and testimony concerning any contract or policy of insurance held by Digital and/or the payment upon such policy, except for Digital's D&O policy and the $137,500 paid to $Z^3$ in settlement of $Z^3$'s claims against Haler. In a prior Order, the Court concluded that any evidence or testimony relating to the settlement with Haler is irrelevant. The Court agrees with the remainder of Digital's motion and thus, excludes all facts, references, evidence, and testimony concerning *any* contract or policy of insurance held by Digital and/or the payment upon such policy, including the D&O policy and the $137,500 paid to $Z^3$ in settlement of $Z^3$'s claims against Haler.

In its fourth motion *in limine*, Digital seeks an order excluding certain $Z^3$ balance sheets, profit and loss statements, and federal income tax returns and testimony related thereto.

During this litigation, $Z^3$ produced redacted copies of certain financial statements and tax returns. Six days prior to the close of discovery, $Z^3$ produced un-redacted versions of these documents. Pursuant to Fed. R. Civ. P. 37(c)(1), Digital seeks to exclude the documents because it contends that they should have been produced earlier.

Fed. R. Civ. P. 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 26(a) governs initial disclosures. Rule 26(e) governs the supplementation of initial disclosures and supplementation of any discovery responses.

It is not clear to the Court whether the redacted documents were produced as part of $Z^3$'s initial disclosures or whether they were produced in response to discovery requests propounded by Digital. Regardless, and even assuming that $Z^3$ had a duty to produce the un-redacted versions earlier, the Court does not believe that the documents should be excluded under Rule 37(c)(1) because any failure to produce the documents earlier was harmless.

It is not clear to the Court that $Z^3$ intends to rely upon any portions of the documents that were previously redacted and now visible. Moreover, it is difficult to tell how Digital has been prejudiced by the "late" disclosure of the previously redacted information. $Z^3$ seeks lost profits from Digital's failure to order a minimum number of DM365 modules under PLA-2009. Digital apparently complains only that the redacted profit and loss statements do not show whether $Z^3$ had net profits for any three years and/or $Z^3$'s sales margins. But as $Z^3$ points out, the issue of lost profits

2

relates to whether $Z^3$ would have made a profit on PLA-2009, not whether $Z^3$ was profitable as an entity.[1]  Thus, it does not appear that the redacted information is relevant to any issues in this case, and Digital does not offer any other explanation how it would use the previously redacted information to support its defenses.

Moreover, $Z^3$ produced un-redacted versions of the documents on November 24, 2010 along with $Z^3$'s expert disclosures.  Although this was only six days before the close of discovery, Digital could have moved for an order extending the discovery deadline and/or re-opening the deposition of Bruno Marchevsky, one of $Z^3$'s officers.  Additionally, as expressly permitted by the Court,[2] the deposition of Aaron Caldwell, the other officer of $Z^3$, did not occur until May 24, 2011 – six months after the documents were produced.  Digital had an opportunity to question Caldwell about the un-redacted documents.

For the above reasons, the Court concludes that any purported failure by $Z^3$ to produce un-redacted versions of these documents earlier was harmless under Fed. R. Civ. P. 37.  Accordingly, the Court denies Digital's fourth motion *in limine*.

The Court reserves ruling on Digital's remaining motions *in limine* until after oral argument.  Accordingly,

**IT IS THEREFORE ORDERED** that Digital Ally, Inc.'s First Through Sixth Motions in Limine (ECF No. 219) is hereby granted in part and denied in part as described herein.

**IT IS SO ORDERED**.

---

[1] *Holiday Mfg. Co. v. B.A.S.F. Sys., Inc.*, 380 F. Supp. 1096, 1105 (D. Neb. 1974) (calculating lost profits on contract by using the contract price of the goods, minus the cost of manufacturing the goods, multiplied by the number of goods sold under the contract).

[2] Pretrial Order ¶ 13, ECF No. 148.

Dated this 21st day of June, 2012 at Topeka, Kansas.

s/K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
