**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DIGITAL ALLY, INC., | ) |
| | ) |
| Plaintiff and Counterdefendant, | ) |
| | ) |
| v. | ) Case No. 09-2292-KGS |
| | ) |
| Z3 TECHNOLOGY, LLC, | ) |
| | ) |
| Defendant and Counterplaintiff. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon $Z^3$ Technology LLC's Motion to Direct Entry of Judgment under Fed. R. Civ. P. 54(b) (ECF No. 199). In the current motion, $Z^3$ Technology LLC ("$Z^3$") seeks an order from the Court finding that there is no just reason for delay in entering judgment on Count I of its Counterclaim in the amount of $445,000, plus prejudgment interest at the rate of 12% per year from April 10, 2009 to the date of judgment. For the reasons stated below, the Court denies the motion.

**I.     Background**

On November 1, 2008, Plaintiff Digital Ally, Inc. ("Digital") and $Z^3$ entered into a contract entitled Production License Agreement PLA-2008.10.31 ("PLA-2008"). PLA-2008 called for $Z^3$ to design a DM355 module for use in Digital's products and then manufacture and deliver to Digital 1,000 units along with the necessary software. On January 2, 2009, Digital and $Z^3$ entered into a second contract entitled Software/Hardware Design and Production License Agreement ("PLA-2009"). Under PLA-2009, $Z^3$ agreed to design, manufacture, and deliver to Digital DM365 hardware modules and related software components.

1

On June 8, 2009, Digital filed this lawsuit against $Z^3$ asserting that $Z^3$ breached PLA-2008 by delivering non-conforming modules. Digital also sought a declaration that PLA-2009 was rescinded and/or is void because the officer who signed PLA-2009 on behalf of Digital lacked authority to do so. On November 4, 2009, $Z^3$ filed an Amended Counterclaim asserting two claims against Digital. In Count I, $Z^3$ asserts that Digital breached PLA-2009; in Count II, $Z^3$ asserts that Digital breached PLA-2008.

On March 29, 2012, the Court granted in part $Z^3$'s motion for summary judgment on Count I of its Counterclaim. The Court determined that PLA-2009 was a valid and enforceable agreement against Digital and that Digital breached PLA-2009.

$Z^3$ asked the Court to enter judgment against Digital in the amount of \$4,046,810.50 as a result of Digital's breach of PLA-2009. The \$4,046,810.50 generally consists of (1) lost profits from Digital's failure to place a conditional minimum order of 12,000 units per year for a three year period; (2) lost profits from Digital's failure to place an unconditional minimum order of 3,050 units; and (3) \$175,000 in unpaid engineering fees.

The Court determined that $Z^3$ was entitled to \$175,000 in unpaid engineering fees. The Court also determined that $Z^3$ was entitled to \$270,000 for unpaid royalties, instead of lost profits on 12,000 units per year for a three year period. However, the Court could not resolve $Z^3$'s remaining damages, including the lost profits from Digital's failure to place an unconditional minimum order of 3,050 units and determined that this was an issue for trial.

In the current motion, $Z^3$ seeks an order from the Court finding that there is no just reason for delay in entering judgment on Count I of its Counterclaim in the amount of \$445,000, plus prejudgment interest at the rate of 12% per year from April 10, 2009 to the date of judgment.

## II. Analysis

Fed. R. Civ. P. 54(b) states, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." To direct entry of judgment under Rule 54(b), the Court must find that three prerequisites are met: "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay."[1] An order must be "final" in the sense that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[2]

Federal courts construing Rule 54 have held that where partial summary judgment is rendered with respect to only part of the damages sought by the plaintiff and consideration of further damages is reserved for a later date, the judgment is not final on an entire claim. For example, in *Wheeler Machinery Co. v. Mountain States Mineral Enterprises, Inc.*, plaintiff sought $659,005.43 allegedly due on a contract, attorney fees pursuant to the contract, and interest as provided by the contract at 18% per annum.[3] Plaintiff moved for partial summary judgment on the issues of liability and principal amount due.[4] The district court granted the motion in favor of plaintiff in the amount of $636,884.70 as the "minimum undisputed amount" owed by defendant.[5]

---

[1] *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).

[2] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

[3] *Wheeler Mach. Co. v. Mountain States Mineral Enters., Inc.*, 696 F.2d 787, 788 (10th Cir. 1983).

[4] *Id*.

[5] *Id*.

The district court reserved all other issues including the claims for interest, attorney's fees, and the difference between the amount awarded by the court's order and the amount sought by plaintiff.[6] Under Fed. R. Civ. P. 54, the district court determined that there was no just reason for delay in entering judgment in the amount set out in its order.[7]

The Tenth Circuit disagreed and concluded that the district court's order was not final because it did not resolve the claims for interest and the disputed principal.[8] The Tenth Circuit held that the partial summary judgment order stood as an interlocutory determination of liability and partial damages.[9]

Other courts have followed a similar approach. For example, in *International Controls Corp. v. Vesco*, a purported final judgment had been entered against the defendant, but the judgment afforded the plaintiff the opportunity to prove additional damages in subsequent proceedings.[10] The Second Circuit rejected plaintiff's argument that the judgment could be final "as long as it specifies some amount of damages which the plaintiff can collect" and that finality does not require that a judgment specify all damages as long as it provides a minimal dollar figure that the plaintiff can collect while proving additional damages.[11] Rather, the Second Circuit concluded that a judgment cannot be considered final as long as it leaves open the question of

---

[6] *Id*.

[7] *Id*. at 789.

[8] *Id.*

[9] *Id.*

[10] *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746-47 (2d Cir. 1976), *cert. denied*, 434 U.S. 1014 (1978).

[11] *Id.*

additional damages.[12]

Because this Court's summary judgment order resolved only a portion of the damages potentially recoverable for Digital's breach of PLA-2009, the Court finds that it is not a final judgment on one claim within the meaning of Fed. R. Civ. P. 54(b).

The Court defers ruling on the issue of whether $Z^3$ is entitled to prejudgment interest under Nebraska law.

Accordingly,

**IT IS THEREFORE ORDERED** that $Z^3$ Technology LLC's Motion to Direct Entry of Judgment under Fed. R. Civ. P. 54(b) (ECF No. 199) is hereby denied.

**IT IS SO ORDERED**.

Dated this 21st day of June, 2012 at Topeka, Kansas.

s/K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[12] *Id.* at 747-48; *see also Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1155 (3d. Cir. 1990) (holding that "[w]hen liability rests on the same transaction . . . a count for punitive damages, although of a different order than compensatory damages, does not constitute a separate claim under Rule 54(b). . . . this is simply an example of an attempt to split a cause of action"); *Kaszuk v. Bakery & Confectionary Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 553 (7th Cir. 1986) (holding that partial judgment that did not dispose of request for pre-judgment interest did not finally adjudicate plaintiff's entitlement to damages and stating that "[t]here is no material difference between an order that leaves all damages issues open . . . and an order that leaves one, important damages issue open . . . . In either event the order is not a final disposition of a claim . . ."); *Choice Fin. Grp. v. Schellpfeffer*, 696 N.W.2d 504, 507 (N.D. 2005) (relying on Fed. R. Civ. P. 54 rulings to interpret similar South Dakota rule and conclude that partial summary judgment did not adjudicate an entire claim because it allowed only partial damages and left the remainder to be determined at trial).