IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIGITAL ALLY, INC. | ) |
| | ) |
| Plaintiff and Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 09-2292 |
| | ) |
| Z3 TECHNOLOGY, LLC, | ) |
| | ) |
| Defendant and Counter-Plaintiff. | ) |

**MOTION OF DIGITAL ALLY, INC. TO RECONSIDER, VACATE OR MODIFY
ORDER ENTERED JUNE 21, 2012 [DOC. 244] GRANTING DEFENDANT Z3
TECHNOLOGY,  LLC'S MOTION *IN LIMINE* TO BAR EVIDENCE AND ARGUMENT
<u>RELATING  TO THE SETTLEMENT WITH DEFENDANT ROBERT HALER</u>**

Plaintiff Digital Ally, Inc. ("Digital") respectfully moves the Court to reconsider, vacate

and/or modify its order entered June 21, 2012 [Doc. 244] granting defendant Z3 Technology,

LLC's ("Z3") "motion *in limine* to bar evidence and argument relating to the settlement with

defendant Robert Haler" ("Haler").  In support of this motion, Digital would show the Court the

following:

1.       In its order entered June 21, 2012 [Doc. 244], the Court granted Z3's motion *in*

*limine* with regard to the settlement of the third party claims which Z3 had asserted against

former defendant and former Digital officer Haler.

2.       The Court also declared that although Digital had claimed that it was entitled to a

"credit" in the sum of $137,500 against any monetary judgment that might be returned against it

for breach of Contract PLA-2009, representing the amount which Digital's D&O insurer had

paid to settle Z3's claims against Haler, in truth Digital was not entitled to and would receive no

such credit.

3.      The Court based that decision upon the following:

    a.      Pursuant to the Settlement Agreement entered into between Z3 and the D&O insurer, the $137,500 that was paid to settle all of Z3's claims against Haler of whatever kind or character was "allocated" to the "satisfaction" of Z3's claims for "attorneys' fees";

    b.      Z3's claim for attorneys' fees and thus the allocation of all of the settlement proceeds to the satisfaction thereof was valid and legitimate since whether under Nebraska law or Missouri law, attorneys' fees are always recoverable in "tort" cases; and

    c.      Since no claims for attorneys' fees had been asserted against Digital by Z3, the settlement with Haler did not involve the satisfaction, *pro tanto*, of any claim for which Digital was itself liable, the "single recovery" rule was not implicated and no credit would be allowed.

4.      As demonstrated in the "Theories of Recovery" which appear in § 6(b) on p. 17 of the Pretrial Order entered May 9, 2012 [Doc. 148], Z3 asserted only two (2) claims against Haler:

    a.      That Haler "impliedly breached the warranty he made to Z3" that he had authority to obligate Digital on" PLA-2009 "by his signature, by signing" PLA-2009 and by "delivering" PLA-2009 "to Z3"; and

    b.      That "Haler was negligent by breaching the duty he had to Z3 that he would act with due care (1) to comply with all of Digital's applicable policies and procedures with regard to the signing of the contract on behalf of Digital, (2) when making representations to Z3 as to Digital's becoming a party to the contract, and (3) when leading Z3 to believe by his words and/or actions that he had authority to bind Digital to the contract by his signature".

5.      In short, Z3 asserted claims against Haler for:

    a.       A breach of warranty and, in effect, breach of contract; and

    b.      A breach of an ordinary duty of care, i.e. a simple "negligence claim".

6.      In the limine ruling in question, the Court did not say whether attorneys' fees were recoverable in the context of a simple claim for breach of contract, at least where the contract does not provide for attorneys' fees.

2

7.      There was no need to say that since the law is to the contrary.

8.      It did say, however, that Z3 was entitled to attorneys' fees and thus had a valid claim against Haler for attorneys' fees, worthy of supporting the allocation made in the settlement agreement because under both Missouri and Nebraska law, attorneys' fees are allowable in "tort cases".

9.      Digital suggests that when it reviews the following cases from Missouri and Nebraska, the Court will see, however, that in fact attorneys' fees are <u>never</u> recoverable in cases of simple negligence like this one.

10.     In Missouri:

   a.      "**[t]he damages in a tort action do not ordinarily include compensation for attorneys' fees or other expenses of litigation**", <u>Collier v. Manring</u>, 309 S.W.3d 848, 852 (Mo. App. 2010).

   b.      The "**Missouri courts follow the 'American Rule in awarding attorneys' fees'**" and as the "**American Rule provides … parties to a lawsuit are to bear the expenses of their own attorneys' fees**", <u>Gurley v. Montgomery First National Bank</u>, 160 S.W.3d 863, 871 (Mo. App. 2005). Under "**this rule, 'absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his own attorney's fees'**", *Id.*, *quoting in part from* <u>David Ranken, Jr. Tech. Inst. v. Boykins</u>, 816 S.W.2d 189, 193 (Mo. banc 1991);

   c.      Although "**reimbursement**" can be "**ordered by a court of equity to balance**" harms and benefits, that "**exception … only applies in very unusual circumstances**" and in no event applies in a "**simple negligent misrepresentation case**", *Id.*;

   d.      Similarly, where "**the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation**", *Id.*, "**reasonable attorneys' fees necessarily and in good faith incurred in protecting himself from the injurious consequences thereof are proper items of damages**" recoverable by the plaintiff, *Id.*;

   e.      The "**application of this rule, however, necessitates a preliminary finding**" that the person's whose "**wrong or breach of duty**" involved "**the wronged party in collateral litigation**"; in fact "**breached**" the duty in question, *Id.*;

f.     Where "**there has been no such finding in the trial court**", there can be <u>no</u> award of attorneys' fee "damages" under this "**collateral litigation**" exception, *Id*. at 658;

g.     In short, to have any hope of recovering attorneys' fees in this case under Missouri law, Z3 would have to:

    i.     "Show a breach of duty" to Digital "by" Haler and, in effect, that Haler actually violated the two signature policy;

    ii.    That this single lawsuit may be divided somehow into "parts" such that Digital's claims may be deemed to be "collateral litigation";

    iii.   That as so divided, this "collateral litigation was the natural and proximate result of" Haler's "wrong or breach of duty";

    iv.    "That the fees" claimed by Z3 "were necessarily and in good faith incurred to protect" Z3 "from injury"; and

    v.     "That the amount of the fees (attributable specifically to the litigation to correct any legal problem caused by)" Haler's "alleged breach of duty … was reasonable in light of the circumstances and necessities of the situation", <u>Collier v. Manring</u>, 309 S.W.3d at 854.

11.    In summary, under Missouri law:

a.     Z3 <u>cannot</u> recover attorneys' fees from Haler under the "equitable" exception to the American Rule exception which applies only in "unusual circumstances" and certainly does not apply to Z3's claims against Haler for "**simple negligent misrepresentation**", <u>Gurley</u>, 160 S.W.3d at 871;

b.     Z3 <u>cannot</u> recover attorneys' fees from Haler under the "collateral litigation" exception given that:

    i.     "There has been no … finding" by this Court that Haler breached his duty to Digital to obey the Signature Authorities Policy, <u>Essex Contr.</u>, 277 S.W.3d at 657-58;

    ii.    Z3 cannot show that in fact it did have to defend itself in "collateral litigation", i.e. in the context of a different case involving "a different cause of action" and "a different party" than this one, <u>Collier</u>, 309 S.W.3d at 853;

    iii.   That the $137,500 which Z3 has attributed entirely to its attorneys' fees is in its entirety for services that "were necessarily and in good faith incurred to protect" Z3 "from" the " injury" caused by Haler's adjudicated negligence, *Id*.; and

iv. That "the amount of the fees", i.e. the $137,500 was "attributable specifically to the litigation to correct any legal problem caused by" Haler's breach of duty and "was reasonable in light of the circumstances and necessities of the situation", *Id*.

12. In Nebraska:

 a. As stated in <u>First National Bank of Omaha v. Acceptance Ins. Cos.</u>, 12 Neb. App. 353, 675 N.W.2d 689, 706 (2004), a conversion case "**[t]he general rule in Nebraska is that an attorney fee may be recovered only when authorized by statute, or when a recognized and accepted uniform course of procedure allows recovery of an attorney fee**" (internal quotation omitted);

 b. As stated in <u>In re Estate of Snover</u>, 4 Neb. App. 533, 546 N.W.2d 341, 349 (1996), a case involving an <u>alleged breach of fiduciary duty</u>, the Court found that no "**statutory authority or uniform course of practice which would allow attorneys' fees to be awarded**". If that was the holding in a case involving the breach of a duty immeasurably higher than the "duty of ordinary" case, there is necessarily no "statutory" authority or "uniform course" of practice that allows the recovery of attorneys' fee "damages" in a simple negligence case like this one;

 c. On the contrary, the rule that "**attorney fees are recoverable only when provided for by statute or allowed in the uniform course of procedure**" applies in every case "**where the party to litigation is attempting to recover attorneys' fees in the very case being litigated**", i.e. the very thing Z3 claims to have done here, <u>Tetherow v. Wolfe</u>, 223 Neb. 631, 392 N.W.2d 374, 379 (1986);

 d. Although, like Missouri, Nebraska law recognizes that "a jury" may "consider the attorneys' fees incurred by a party in defending an earlier legal action as part of their damages in a subsequent proceeding based upon the principle stated in Restatement (Second) of Torts § 914(2) (1979)", <u>Zimmerman v. Firstier Bank, N.A.</u>, 255 Neb. 410, 585 N.W.2d 445, 454 (1998) since both states rely on the Restatement, the same showing that Missouri law requires the requesting party to make as detailed in ¶ 10(b) above based upon the Restatement must be made in Nebraska as well;

 e. That means, among other things, that Z3 has to prove not only "**damages resulting from expenses incurred in**" the "suit brought by" Digital but that Z3 "**ultimately lost because of**" Haler's asserted "negligence" in failing to follow the two signature policy, <u>Tetherow</u>, 392 N.W.2d at 379.

5

13.     In summary, unless or until this Court is prepared to find each and all of the following, there can be no "allocation" of the Haler settlement to "attorneys' fees" sufficient to defeat Digital's claim for credit under the "single satisfaction rule":

    a.    That Haler was in fact negligent by failing to follow the two signature policy;

    b.    That Digital's suit against Z3 is "collateral litigation" rather than the same case in which Haler was sued and settled;

    c.    That $137,500 represents "fees necessarily and in good faith incurred to protect" Z3 "from" the "injury" caused to it by Haler's negligence; and

    d.    That the "amount of the fees", i.e. the $137,500, is "attributable specifically to a litigation to correct [the] legal problem caused by" Haler's "breach of duty" and that is was "reasonable in light of the circumstances and necessities of the situation", Collier v. Manring, 309 S.W.3d at 854.

14.     To Digital's certain knowledge, none of these things has been proven, none of these things has been the subject of a judicial finding and given the facts, none of these things or certainly less than all of them can, in the end, be found.

WHEREFORE, Digital respectfully suggests that the Court reconsider, vacate and/or modify its Order entered June 21, 2012 [Doc. 244] in the manner requested hereinabove or that Digital have such other and further relief as may be justified in the premises.

Respectfully submitted,

McDOWELL RICE SMITH & BUCHANAN

/s/ James F.B. Daniels
James F.B. Daniels, KS Fed. Bar #70468
605 W. 47th Street, Suite 350
Kansas City, MO 64112
(816) 753-5400 telephone
(816) 753-9996 telecopier
jdaniels@mcdowellrice.com

ATTORNEYS FOR PLAINTIFF

4296127-1

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned hereby certifies that a true and correct copy of the foregoing was filed using the CM/ECF system and served upon those persons requesting electronic notification this 22nd day of June, 2012.


                 */s/ James F.B. Daniels*

4296127-1