**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DIGITAL ALLY, INC., ) | |
| ) | |
| Plaintiff and Counterdefendant, ) | |
| ) | |
| v. ) | Case No. 09-2292-KGS |
| ) | |
| Z3 TECHNOLOGY, LLC, ) | |
| ) | |
| Defendant and Counterplaintiff. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff Digital Ally, Inc.'s Motion for Stay of Proceedings to Enforce Judgment, ECF No. 273.

On July 3, 2012, following a jury trial, the Court entered judgment on behalf of $Z^3$ Technology, LLC in the total amount of $530,000 with interest thereon from the date of judgment at the rate of 0.21 percent. In the current motion, Plaintiff Digital Ally, Inc. ("Plaintiff" or "Digital") requests that the Court stay execution of the judgment pending any post-trial motions filed pursuant to Fed. R. Civ. P. 50 and/or 59.

Fed. R. Civ. P. 62(b) authorizes the Court to stay the execution of a judgment pending disposition of post-trial motions. The rule states that "[o]n appropriate terms for the opposing party's security, the court may stay execution of a judgment – or any proceeding to enforce it – pending disposition of [any motions under Rules 50, 52(b), 59, or 60]." Where the Court requires a supersedeas bond, D. Kan. R. 62.2 specifies that the bond must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay.

Relying on Fed. R. Civ. P. 62(f), Digital argues that the Court is not bound to follow D. Kan.

R. 62.2 and contends that a bond of no more than 105% of the $530,000 judgment is sufficient. Fed. R. Civ. P. 62(f) states that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Thus, this rule entitles a judgment debtor to the same stay in the district court as would be accorded in a state court if: (1) the judgment results in a lien on the property of the judgment debtor, and (2) the judgment debtor is entitled to a stay under state law.[1]

The first issue is whether the Court's July 3, 2012 judgment constitutes a lien under Kansas state law. K.S.A. 60-2202 states

> Any judgment rendered in this state by a court of the United States or by a district court of this state in an action commenced under chapter 60 of the Kansas Statutes Annotated shall be a lien on the real estate of the judgment debtor within the county in which judgment is rendered.

Here, it is not clear that Digital owns any real estate. And in Kansas, judgments do not appear to constitute liens against personal property.[2] Thus, it is doubtful that Rule 62(f) applies.

Further, even assuming that Rule 62(f) applies, the Court is not prevented from following D. Kan. R. 62.2 and requiring a bond in the amount of the judgment plus 25%. The Kansas state statute authorizing a stay of proceedings to enforce a judgment states, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment, or any proceedings to enforce it, pending disposition" of various post-trial motions.[3] Thus, courts in Kansas have

---

[1] *Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty.*, 844 F. Supp. 1414, 1418 (D. Kan. 1993).

[2] *See Utica Nat'l Bank & Trust Co., Tulsa, Okla. v. G.W. Marney*, 661 P.2d 1246, 1248 (Kan. 1983).

[3] K.S.A. 60-262.

discretion to determine the amount of a bond.[4]  Under the facts of this case, the Court believes that a bond in the amount of the judgment plus 25% is the appropriate amount to protect Defendant $Z^3$ Technology, LLC.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Digital Ally, Inc.'s Motion for Stay of Proceedings to Enforce Judgment (ECF No. 273) is hereby granted in part.

**IT IS FURTHER ORDERED** that Plaintiff will be granted a stay of enforcement of the Court's July 13, 2012 judgment pursuant to Fed. R. Civ. P. 62(b) upon the filing of a supersedeas bond in the amount of $662,500 with the Clerk of the Court on or before July 18, 2012.

**IT IS FURTHER ORDERED** that Plaintiff shall comply with D. Kan. R. 65.2 regarding sureties.

**IT IS SO ORDERED**.

Dated this 12th day of July, 2012 at Topeka, Kansas.

s/K. Gary Sebelius
K.  Gary Sebelius
U.S. Magistrate Judge

---

[4] *In re Taylor*, 469 P.2d 437, 446 (Kan. 1970) (stating that "[c]onditions to be prescribed for the security of the adverse party when judgment is stayed are within the discretion of the trial court").